IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,          )
                                   )
                Plaintiff,         )
                                   )
        v.                         )     Case No. 05-40017-FDS
                                   )
TERRA REALTY TRUST, et al.,        )     Judge F. Dennis Saylor, IV
                                   )
                Defendants.        )

### UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COMES the United States of America, by and through its undersigned counsel, and hereby submits this memorandum of law in support of the United States' motion for partial summary judgment filed contemporaneously herewith. That motion seeks the reduction to judgment of the unpaid federal tax liabilities against taxpayer-defendant Harold Woods.[1] This memorandum incorporates the Statement of Material Facts required by Local Rule 56.1.

### STATEMENT OF MATERIAL FACTS OF RECORD

1.    Defendant Harold J. Woods failed to pay his federal income tax liabilities for the 1992, 1994, 1995 and 1996 tax years.

---

[1] In its Complaint, the United States also sought the foreclosure of the federal tax liens which arose from the assessments made against Harold Woods and which, we claimed, attached to the real property occupied by the taxpayer and titled to the defendant Terra Realty Trust. The Complaint was subsequently amended twice, first to join the trustees of the Terra Realty Trust as required under Massachusetts law, then to join the Town of Lunenburg ("Town") and Commerce Bank as defendants based on their interest in the Property. Commerce Bank was subsequently dismissed from the action after a showing that its mortgage on the Property had been satisfied and discharged. The instant motion seeks only a money judgment against Woods, and we do not here argue for foreclosure of the tax liens.

- 2 -

2.    The Internal Revenue Service ("IRS") assessed Harold Woods' income tax liabilities for

1992, 1994, 1995 and 1996 based on tax returns filed by Harold Woods. *See* Gov't

Exhibits 1-4 (Certificates of Assessments and Payments, Form 4340).

3.    Harold Woods' 1992, 1994 and 1996 returns were filed late, which subjected his

liabilities for those tax years to a statutory late filing penalty. *Id.*

4.    Harold Woods' 1992, 1994, 1995 and 1996 income tax liabilities remain unpaid, and

have accrued and continue to accrue statutory interest and penalties for failure to pay. *Id.*

5.    Harold Woods has been assessed further liabilities under 26 U.S.C. § 6672[2] as a

responsible person of Alternative Staffing, Inc. for the tax periods ending 12/31/92 and

3/31/93, and as a responsible person of Day Worker Referrals, Inc. for the tax period

ending 12/31/93.[3]

---

[2] These liabilities arise upon the failure of an employer to pay over to the United States the income taxes, FICA (Social Security) and Medicare taxes that were withheld, or should have been withheld, from the salaries or wages of its employees.  It is now frequently referred to as the Trust Fund Recovery Liability, emphasizing the government's efforts to recover these unpaid taxes from those who were responsible for turning the funds over to the Treasury.

[3] A Trust Fund Recovery Liability assessed pursuant to 26 U.S.C. § 6672 for the tax period ending 12/31/1995, referenced in the United States' original Complaint, has since been paid in full.

- 3 -

6.     The IRS has assessed the aforementioned unpaid income tax liabilities and civil penalties

against Harold Woods for the following tax years and amounts:

| Tax Period | Unpaid Assessed Balance | Accruals | Balance Due As Of May 31, 2008 |
|---|---|---|---|
| 1992 | $     80,846.14 | $     105,017.36 | $     185,863.50 |
| 12/31/92* | $     215,552.81 | $     220,767.11 | $     436,319.92 |
| 3/31/93* | $     38,158.22 | $     39,084.63 | $     77,242.85 |
| 12/31/93* | $     11,204.62 | $     11,476.64 | $     22,681.26 |
| 1994 | $     21,448.10 | $     29,346.77 | $     50,794.87 |
| 1995 | $     4,890.42 | $     7,463.34 | $     12,353.76 |
| 1996 | $     27,678.27 | $     34,114.42 | $     61,792.69 |
| | | **TOTAL DUE:** | $     847,048.85 |

* Trust Fund Recovery Liabilities assessed pursuant to 26 U.S.C. § 6672.

*See* Gov't Exhibits 1-7 (Certificates of Assessments and Payments, Form 4340), 8 (Declaration

of Rai Shepardson).

7.     The IRS filed Notices of Federal Tax Lien regarding each of the above tax liabilities with

both the South Worcester Register of Deeds.   *See* Gov't Exhibit 9.

8.     The Woods family ran a temporary worker placement service under the auspices of

several concurrent and successive corporations, business names and other entities

- 4 -

(collectively, "the Woods Businesses")[4]. *See Baystate Alternative Staffing v. Herman*, 163 F.3d 668, 670-671 (1st Cir. 1998).

9.     All of the Woods Businesses were wholly owned and directed by members of the Woods family, including, *inter alia*, Harold Woods. *Id.*

10.    The liabilities assessed pursuant to 26 U.S.C. § 6672 that are the subject of this matter were assessed with respect to two of the Woods Businesses: Alternative Staffing, Inc., and Day Workers Referrals, Inc.

11.    The Woods Businesses were party to a series of investigations by the U.S. Department of Labor, *see Baystate*, 163 F.3d at 672-673.

12.    These investigations led to extensive and prolonged litigation in the federal courts (the "federal labor litigation") as the Woods family disputed the employment status of the temporary workers retained by the Woods Businesses and the individual liability of various Woods family members. *Id.*; *see also* Gov't Exhibit 10 (D. Mass. dockets 93-40093, 94-40066, 97-40012).

---

[4] The formation, dissolution, organization, and formal relationships among these entities are blurred, ambiguous, and fortunately not at issue here, but have been documented in investigations by the U.S. Department of Labor, the Massachusetts Commission Against Discrimination, the Massachusetts Department of Employment and Training, and the New Hampshire Department of Employee Security. *See, e.g.,* investigative proceedings detailed in *Baystate Alternative Staffing v. Herman*, 163 F.3d 668, 672-673 (1st Cir. 1998); *Reich v. Baystate Alternative, et al.*, docket 4:94-cv-40066-NMG (D. Mass.); *Work-A-Day of Fitchburg, Inc. v. Commissioner of Dep't of Employment & Training*, 412 Mass. 578, 579 (Mass. 1992); *Appeal of Work-A-Day of Nashua*, 564 A.2d 445, 446 (N.H. 1989); *Champagne v. Alternative Staffing, Inc. et al.,* MCAD docket 93-WEM-0012.

- 5 -

13.    During the federal labor litigation, Harold Woods maintained that he was "a mere functionar[y] who made office decisions which were also made by regular in-house employees in the ordinary course of business." *Baystate*, 163 F.3d at 676.

14.    However, in a concurrent proceeding brought by one of the Woods Businesses' temporary workers before the Massachusetts Commission Against Discrimination, Alternative Staffing, Inc. served answers to interrogatories under oath that named Harold Woods in a number of executive capacities. *See* Gov't Exhibit 11 (Answer of Alternative Staffing, Inc. to Complainant's Interrogatories).[5]

15.    Specifically, Harold Woods was an incorporator, an officer, and the sole director of Alternative Staffing, Inc. *Id.,* responses to interrogatories 3, 6, 7.

16.    Harold Woods held the titles of President and Treasurer of Alternative Staffing, Inc. *Baystate*, 163 F.3d at 678.

17.    Harold Woods contributed $5,000, the entire capitalization of the corporation, to Alternative Staffing, Inc. *See* Gov't Exhibit 11, responses to interrogatories 2(a), 16, 26.

18.    No minutes were kept at annual meetings of Alternative Staffing, Inc., nor were any balance sheets ever prepared for the corporation. *Id*., responses to interrogatories 10, 24.

19.    The financial records, records of account, banking records, and tax returns of Alternative Staffing, Inc. are no longer extant, as Harold Woods did not retain copies, the computer on which the records were stored was apparently stolen or tampered with, and the copies

---

[5] Following the introduction of this evidence into the federal labor litigation, a consent judgment was promptly entered obligating all of the defendants, including Harold Woods.

- 6 -

retained by the corporation's accountant were apparently destroyed in a flood. *Id*., responses to interrogatories 17, 21, 27.

20.    No one in Alternative Staffing, Inc. could overrule any transaction proposed by, or decision made by, Harold Woods.  Only the officers of the corporation collectively, in conference, had the power to overrule Harold Woods.  *Id*., response to interrogatory 29.

21.    Harold Woods had the authority to sign corporate income tax returns for Alternative Staffing, Inc., and did so. *See* Gov't. Exhibit 14 (Form 1120 for tax year 1992, signed by Harold Woods).

22.    Day Workers Referrals, Inc., was not among the Woods Businesses named as parties to the federal labor litigation or related state proceedings.  However, it engaged in substantially the same business as the rest of the Woods Businesses.

23.    Harold Woods represented to the IRS that he was the Clerk of Day Worker Referrals, Inc. *See* Gov't Exhibit 12 (Form 2751-AD, signed by Harold Woods).

24.    Harold Woods had the authority to sign checks on behalf of Day Workers Referrals, Inc., including checks to pay the corporation's taxes, and did so.  *See* Gov't Exhibit 13 (checks paying state income taxes, signed by Harold Woods).

25.    Harold Woods received compensation from Day Workers Referrals, Inc., including during the tax period at issue. *See* Gov't Exhibit 15 (Massachusetts state quarterly wage reports for 1992 and 1993).

- 7 -

<u>ARGUMENT</u>

I.    SUMMARY JUDGMENT STANDARD

A party that can demonstrate that there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law, should be granted summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 56(c).  Once the moving party has made this showing, "the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue." *Scottsdale Ins. Co. v. Carrabassett Trading Co.*, 460 F. Supp. 2d 251, 254 (D. Mass. 2006), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  A motion for summary judgment "will not be defeated merely upon a metaphysical doubt concerning the facts or on the basis of conjecture or surmise." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, the non-movant must provide concrete evidence establishing the existence of a genuine issue of material fact in order to defeat summary judgment.  *See DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997).

In the present case, Harold Woods has not presented and cannot present any evidence contesting his self-reported liability for the unpaid federal income taxes assessed against him, so the United States is entitled to judgment as a matter of law with respect to Harold Woods's income tax liability for tax years 1992, 1994, 1995 and 1996.  Furthermore, Harold Woods cannot sustain his burden of proof that he was <u>not</u> a responsible person who willfully avoided his duty to withhold, account for, and pay over to the United States the trust fund taxes of Alternative Staffing, Inc. and Day Workers Referrals, Inc..  Accordingly, judgment should enter

- 8 -

in favor of the United States in an amount equal to the unpaid Trust Fund Recovery Liabilities,

income taxes, penalties, interest and other accruals owed by Harold Woods.


II.    THE FEDERAL TAX ASSESSMENTS AGAINST HAROLD WOODS ARE PRESUMPTIVELY
       CORRECT AND HAROLD WOODS CANNOT MEET HIS BURDEN OF PROOF TO OVERCOME
       THAT PRESUMPTION.

A presumption of correctness attaches to a tax assessment made by the IRS.  *Geiselman v.

United States*, 961 F.2d 1, 6 (1st Cir. 1992). "It is settled law that taxpayers bear the burden of

proving that a tax deficiency assessment is erroneous." *Delaney v. Commissioner of Internal

Revenue*, 99 F.3d 20, 23 (1st Cir. 1996).  An assessment will be reversed only if the taxpayer

establishes by a preponderance of the evidence that it was erroneous.  *Id.*   Absent such proof, a

court is "justified, in fact required, to enter a summary judgment for the Government for the

amount of the taxes proved to be due" according to the assessments made by the IRS.  *Lane v.

United States*, 328 F.2d 602, 603 (5th Cir. 1964).

Under its statutory authority to make assessments of unpaid taxes, *see* 26 U.S.C.

("I.R.C.") §6201 *et seq.,* the IRS made the assessments set forth in the Statement of Undisputed

Facts against Harold Woods.  Those assessments are evidenced by Certificates of Assessments,

Payments, and Other Specified Matters, Form 4340 ("Certificates of Assessment") filed with this

motion as Governmentt Exhibits 1-7.  These Certificates of Assessment suffice, as a matter of

law, to prove that the IRS made its assessments against Harold Woods on the dates indicated (the

"23(c) date" listed on the Certificates of Assessment), and that it made those assessments

according to the requirements of the Internal Revenue Code.  *Stuart v. United States,* 337 F.3d

- 9 -

31, 34 (1st Cir. 2003) (citing *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir. 1992)); *Rocovich v. United States*, 933 F.2d 991, 994 (Fed. Cir. 1991)).  In other words, the Certificates of Assessment establish that Harold Woods does in fact owe the tax liabilities listed therein, and Harold Woods bears the burden of proving otherwise.  *Geiselman*, 961 F.2d at 6.

Harold Woods admits in his Answer that the alleged assessments were made, but avers that in so admitting, he "does not acknowledge the validity or the accuracy of the assessments themselves."  Answer ¶ 4.  Merely asserting that assessments lack validity or accuracy is insufficient, as a matter of law, to overcome the presumption of correctness that attaches to IRS assessments as evidenced by Certificates of Assessment.  In the absence of specific evidence that the assessments are invalid or inaccurate, this Court must accept the dates, amounts assessed, and balances set forth in the Certificates of Assessment as correct.  *United States v. Aivalikles*, 278 F. Supp. 2d 141 (D.N.H. 2003).

A.    INCOME TAX LIABILITIES

Harold Woods knew he owed federal income taxes; he calculated them himself on his federal income tax returns for 1992, 1994, 1995 and 1996, and has offered no amendment to those returns since he filed them.  Relying on Woods' own tax returns, the United States determined how much he owed, assessed those liabilities against him, and has only increased the amount of those liabilities by operation of law.  26 U.S.C. § 6651.  The United States has established the amount and validity of Harold Woods' federal income tax liabilities, and Harold Woods has produced and can produce no countervailing proof.  Therefore, the United States is

- 10 -

entitled to judgment as a matter of law as to the validity of its assessments of federal income tax liability against Harold Woods.

    B.      TRUST FUND RECOVERY LIABILITIES UNDER 26 U.S.C. § 6672

        1.      HAROLD WOODS IS LIABLE FOR TRUST FUND RECOVERY TAXES AND CANNOT SUSTAIN HIS BURDEN OF PROOF TO SHOW OTHERWISE.

Unlike his individual income tax liabilities, which arise out of his failure to pay a purely personal obligation, the § 6672 liabilities assessed against Harold Woods derive from his involvement in corporations which failed to pay their employee withholding taxes.

Sections 3102(a) and 3402(a) of the Internal Revenue Code require an employer to deduct and withhold income and social security taxes from the wages paid to its employees. *Slodov v. United States*, 436 U.S. 238, 242-43 (1978). Employers are also required to pay over their own contributions to the social security system. *See* 26 U.S.C. § 3111. "Employers are required to hold these withheld funds 'in trust for the United States,' 26 U.S.C. § 7501(a), and thus the taxes are sometimes referred to as 'trust-fund' taxes." *Sotir v. United States*, 978 F.2d 29, 30 (1st Cir. 1992). These "trust fund taxes" are for the exclusive use of the United States and are not to be used as working capital for the business or to pay the employer's business expenses, including payroll. 26 U.S.C. §§ 3102(b), 3403, 7501(a); *Begier v. Internal Revenue Service*, 496 U.S. 53, 60-61 (1990) (the act giving rise to tax liability, *e.g.*, payment of wages, gives rise to a statutory trust in favor of the United States).

The employer is required to report the amount of withheld taxes on its payroll tax return (Form 941). *See* 26 C.F.R. § 31.6011(a)-4(a)(1). A Form 941 payroll tax return must be filed every calendar quarter and is generally due on the last day of the first month following the

- 11 -

quarter.  *See* 26 C.F.R. § 31.6071(a)-1(a).  Once the trust fund taxes are withheld from the

employees' wages, the United States is required to credit the amount withheld against the

employees' individual income tax liabilities, regardless of whether such taxes are actually paid to

the United States and even though the credits may result in refunds to the employees based upon

taxes which it has never actually received.  *See* 26 U.S.C. § 31(a); 26 C.F.R. § 1.31-1(a).  Thus,

the United States suffers a loss of revenue when the "trust fund taxes" are not remitted by the

employer.

Section 6672 of the Internal Revenue Code provides for the assessment of a Trust Fund

Recovery Liability, equal to the amount of unpaid trust fund taxes, on any person responsible for

paying these trust fund taxes to the United States who fails to fulfill that duty.  The statute

provides that "[a]ny person required to collect, truthfully account for and pay over such tax, . . .

shall, . . . be liable for a penalty equal to the total amount of the tax evaded, or not collected, or

not accounted for and paid over."  26 U.S.C. § 6672.

As noted above, a federal tax assessment – whether for individual income tax liability or

for liability under § 6672 – is deemed to be correct unless and until the person against whom the

assessment was made proves, by a preponderance of the evidence, that he is not liable for the

taxes owed.  *Keohan v. United States*, 138 F. Supp. 2d 62, 73 (D. Mass. 2001) (person

challenging a § 6672 assessment has "burden of proving by a preponderance of the evidence that

he or she is not a 'responsible person' or did not act 'willfully.'").  Certificates of Assessment

and Payment, here offered as Government Exhibits 1-7, are "presumptive proof of a valid

assessment." *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir. 1992).  "This presumption

- 12 -

places the burden of proof on the taxpayer to show that the IRS's determination is invalid." *Stuart v. United States*, 337 F.3d 31, 35 (1st Cir. 2003).

 In order for a person to be liable under Section 6672:

(1) he must have been a person required to collect, truthfully account for or pay over the employment taxes; and

(2) in that capacity, he must have willfully failed to collect, truthfully account for, or pay over the trust fund taxes.

See *Thomsen v. United States*, 887 F.2d 12, 14 (1st Cir. 1989); *Caterino v. United States*, 794 F.2d 1, 3 (1st Cir. 1986); *Harrington v. United States*, 504 F.2d 1306, 1311 (1st Cir. 1974). Therefore, Harold Woods the burden of proving that he was <u>not</u> a responsible person or that he did <u>not</u> willfully fail to pay over the withheld taxes with respect to Alternative Staffing, Inc. and Day Workers Referrals, Inc. for the periods at issue.

 a. Responsibility

 "Person" as used in §6672 includes, but in no way is limited to, an officer or employee of a company who is under a duty to collect and remit the taxes to the United States. 26 U.S.C. §6671(b); *Harrington*, 504 F.2d at 1311. Thus, § 6672 authorizes the collection of the taxes from those persons who were responsible for the company's failure to pay them. "Responsibility is a matter of status, duty and authority, not knowledge. Indicia of responsibility include the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees." *Thomsen v. United States*, 887 F.2d 12, 16 (1st Cir. 1989) (internal citations omitted). No single fact is in itself dispositive of whether a person is a responsible person under § 6672.

- 13 -

In the First Circuit, "the controlling inquiry in determining whether the taxpayer should be held 'responsible' is whether the person possessed sufficient control over corporate affairs to avoid the default." *Moulton v. United States*, 429 F.3d 352, 356 (1st Cir. 2005). Liability under § 6672 "is not limited to those employees performing merely mechanical functions of collection and payment, but extends to all with responsibility and authority to avoid the default which constitutes a violation of the statute; even though more than one person may be liable." *Harrington*, 504 F.2d at 1312 (1st Cir. 1974) (citations omitted). The fact that others in the corporation may also have been responsible for paying over withheld taxes will not relieve a person of responsibility. Significant control may be shared by several people within a company, all of whom may be found liable for a withholding tax delinquency. *See United States v. Rem*, 38 F.3d 634, 642 (2d Cir. 1994).

*Harold Woods is a responsible person under section 6672.*

The evidence clearly supports a finding that Harold Woods was a responsible person at Alternative Staffing, Inc. and Day Workers Referrals, Inc. who had a duty to collect and remit the trust fund taxes at issue to the United States. Harold Woods was the president, director, and sole investor of Alternative Staffing, Inc. He had the ability to make hiring and other executive decisions which no other individual in the corporation had the power to overrule. He had the authority to sign federal income tax returns for Alternative Staffing, Inc., and did so. By his own admissions, Harold Woods had total control of the corporation, and therefore cannot dispute his status as a responsible person thereof.

- 14 -

With respect to Day Workers Referrals, Inc., Harold Woods has not admitted to total control of the corporation; however, the United States submits that the evidence is sufficient to meet the First Circuit's required showing that Harold Woods possessed sufficient control over the affairs of Day Workers Referrals, Inc. to avoid the default. Harold Woods was a named officer of the corporation, had the authority to sign checks, and paid corporate obligations, including Massachusetts state taxes and the salaries of corporate employees. Even without taking into account Harold's control over other Woods Businesses or the concentric business activity and haphazard accounting practices of these businesses, it is clear on these facts that Harold Woods was a responsible person at Day Workers Referrals, Inc.

> b.    WILLFULNESS.

Liability attaches to a "responsible person" under §6672 if he "willfully" fails to collect, truthfully account for, or pay over the withheld taxes. "Willfulness" is defined as "a voluntary, conscious and intentional decision to prefer other creditors to the United States[.]" *Harrington v. United States*, 504 F.2d 1306, 1311 (1st Cir. 1974). "Any responsible person who knows the taxes are not paid and allows the business to pay other creditors acts willfully." *Caterino v. United States*, 794 F.2d 1, 6 (1st Cir. 1986). A showing of willfulness under § 6672 does not require wicked intent or even consciousness of wrongdoing; rather, "it is enough if a defendant knows that the taxes are due from the company and yet disburses funds for other purposes or knowingly fails to pay the required sum to the government." *Lubetzky v. United States*, 393 F.3d 76, 80 (1st Cir. 2004).

- 15 -

Even if the responsible person was not the individual within the corporation who paid, or chose to pay, other creditors in advance of the government, his conduct is still willful if he was aware that those funds were being disbursed while trust fund taxes were due and owing. "A responsible person acts willfully if, after becoming aware that the trust fund taxes are not being paid, knows that other creditors are receiving payment or acts in 'reckless disregard of a known or obvious risk' that trust funds may not be remitted to the government." *Stuart*, 337 F.3d at 36. "Mere knowledge, or reckless disregard for known risks, is sufficient." *Caterino*, 794 F.2d at 6. Moreover, "taxpayers have a duty to maintain adequate records for tax reporting purposes." *Stuart*, 337 F.3d at 35.

> *Harold Woods recklessly disregarded the known risk*
> *that trust fund taxes were not being paid to the government.*

As the President of Alternative Staffing, Inc., Harold Woods had more than the ordinary taxpayer's duty to maintain adequate records: he owed the corporation a fiduciary duty to do so. Yet no minutes were ever kept at any of the alleged annual meetings of the corporation; no statements of corporate assets and liabilities were ever prepared; and when the financial records of the corporation apparently vanished under coincidentally catastrophic circumstances, Harold Woods could produce no copies or backups. Again, this Court need not even consider the Woods family practice of repeatedly establishing fresh corporations or novel business names to evade the liabilities incurred by their antecedent entities; on these facts alone, this Court can conclude that Harold's dereliction of his managerial, legal, and fiduciary duties constituted reckless disregard of the risk that trust fund taxes had not been paid by Alternative Staffing, Inc.

- 16 -

Moreover, Woods himself was apparently responsible for the payment of wages and other

corporate obligations by Day Workers Referrals, Inc., while trust fund taxes remained unpaid.  In

fact, the evidence shows that he paid *his own* salary and *other* tax liabilities preferentially to the

trust fund taxes due and owing by Day Workers Referrals, Inc.  Even if he were to advance the

implausible argument that he was somehow unaware that the corporation owed trust fund taxes,

Harold Woods cannot meet his burden to show that his preferential payment of funds to himself

and others ahead of the United States did not amount to willfulness as a matter of law.

<u>Conclusion</u>

For the foregoing reasons, this Court should grant the United States summary judgment

as to Count I of its Complaint.

Respectfully submitted,

I hereby certify that this document filed
through the ECF system will be sent
electronically to the registered participants
as identified on the Notice of Electronic
Filing (NEF) and paper copies will be sent to
those indicated as non registered
participants on 6/16/08
/s/ Julie C. Avetta

MICHAEL J. SULLIVAN
United States Attorney

*/s/ Julie C. Avetta*
JULIE C. AVETTA
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 616-2743
Facsimile: (202) 514-5238
Email: Julie.C.Avetta@usdoj.gov

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

HAROLD J WOODS                          EIN/SSN: 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
                                                 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*


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040        TAX PERIOD: DEC  1992

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| | ADJUSTED GROSS INCOME 160,841.00 | | | |
| | TAXABLE INCOME 157,841.00 | | | |
| | SELF EMPLOYMENT TAX 4,873.00 | | | |
| 11-05-1996 | RETURN FILED & TAX ASSESSED 08221-321-14834-6   199649 | 50,179.00 | | 12-16-1996 |
| 04-15-1993 | WITHHOLDING | | 3,620.00 | |
| 04-15-1993 | EXTENSION OF TIME TO FILE EXT. DATE   08-15-1993 | | | |
| 08-12-1993 | EXTENSION OF TIME TO FILE EXT. DATE   10-15-1993 | | | |
| | LATE FILING PENALTY 19964908 | 10,475.78 | | 12-16-1996 |
| | FAILURE TO PAY TAX PENALTY 19964908 | 10,475.78 | | 12-16-1996 |
| | INTEREST ASSESSED 19964908 | 19,750.68 | | 12-16-1996 |
| 12-02-1996 | SUBSEQUENT PAYMENT | | 500.00 | |
| 12-02-1996 | SUBSEQUENT PAYMENT | | 500.00 | |
| 12-23-1996 | FAILURE TO PAY TAX PENALTY ABATED | 5.00- | | |
| 07-07-1997 | RENUMBERED RETURN 08247-590-60018-7 | | | |

FORM 4340  (REV. 01-2002)                    PAGE    1

GOVERNMENT EXHIBIT
1
PENGAD-Bayonne, N.J.

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

HAROLD J WOODS                          EIN/SSN: 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
                                                 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*


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040       TAX PERIOD: DEC  1992

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| 11-28-1997 | FEDERAL TAX LIEN | | | |
| 04-02-1998 | SUBSEQUENT PAYMENT LEVY | | 1,031.84 | |
| 07-28-1998 | SUBSEQUENT PAYMENT | | 3,353.48 | |
| 11-06-1998 | OFFER IN COMPROMISE PENDING | | | |
| 06-08-1999 | OVERPAID CREDIT APPLIED 1040     199812 | | 4.77 | |
| 04-15-2000 | OVERPAID CREDIT APPLIED 1040     199912 | | 85.00 | |
| 04-15-2001 | OVERPAID CREDIT APPLIED 1040     200012 | | 635.00 | |
| 05-14-2001 | LATE FILING PENALTY ABATED | 0.01- | | |
| 07-30-2001 | OVERPAID CREDIT APPLIED 1040     200012 | | 300.00 | |
| 11-23-2001 | FEDERAL TAX LIEN | | | |

FORM 4340  (REV. 01-2002)                     PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

HAROLD J WOODS                          EIN/SSN: 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
                                                 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*


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040        TAX PERIOD: DEC  1992


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| 02-22-2002 | RECEIVED POA/TIA | | | |
| 12-20-2001 | LEGAL SUIT PENDING | | | |
| 04-03-2002 | LEGAL SUIT NO LONGER PENDING | | | |
| 10-10-2002 | OFFER IN COMPROMISE REJECTED, RETURNED, TERMINATED | | | |
| 11-25-2002 | MODULE BLOCKED OR RELEASED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 02-13-2003 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |
| 02-25-2003 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 04-26-2004 | REVERSAL OF MODULE BLOCKED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 04-01-2004 | LEGAL SUIT PENDING | | | |

FORM 4340  (REV. 01-2002)                        PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

HAROLD J WOODS                        EIN/SSN: 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
                                               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*

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040        TAX PERIOD: DEC  1992

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| 05-12-2006 | FEDERAL TAX LIEN | | | |
| 07-07-2006 | FEDERAL TAX LIEN | | | |
| 08-29-2006 | LEGAL SUIT PENDING | | | |
| 12-16-1996 | Statutory Notice of Balance Due | | | |
| 02-03-1997 | Statutory Notice of Intent to Levy | | | |
| 09-09-2002 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)                    PAGE    4

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

HAROLD J WOODS                          EIN/SSN: 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
                                                 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*


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040        TAX PERIOD: DEC  1992
--------------------------------------------------------------------------


BALANCE         80,846.14

--------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

--------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER: _Susan F. Foster_

PRINT NAME:_____Susan F. Foster_____

TITLE:_____Supervisory Investigative Analyst_____

DELEGATION ORDER:__CI Delegation #18_____


LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 06/03/2008

FORM 4340  (REV. 01-2002)                  PAGE    5

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

HAROLD J WOODS                          EIN/SSN: 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
                                                 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*


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040        TAX PERIOD: DEC  1994

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| | ADJUSTED GROSS INCOME 89,183.00 | | | |
| | TAXABLE INCOME 65,922.00 | | | |
| | SELF EMPLOYMENT TAX 2,885.00 | | | |
| 10-17-1996 | RETURN FILED & TAX ASSESSED 08221-293-55729-6  199646 | 19,474.00 | | 11-25-1996 |
| 04-15-1995 | WITHHOLDING | | 4,890.00 | |
| | LATE FILING PENALTY 19964608 | 3,281.40 | | 11-25-1996 |
| | FAILURE TO PAY TAX PENALTY 19964608 | 1,458.40 | | 11-25-1996 |
| | INTEREST ASSESSED 19964608 | 2,784.30 | | 11-25-1996 |
| 12-26-1996 | SUBSEQUENT PAYMENT | | 700.00 | |
| 07-07-1997 | RENUMBERED RETURN 08247-590-60017-7 | | | |
| 11-28-1997 | FEDERAL TAX LIEN | | | |
| 11-06-1998 | OFFER IN COMPROMISE PENDING | | | |
| 11-23-2001 | FEDERAL TAX LIEN | | | |
| 12-17-2001 | FEES AND COLLECTION COSTS | 10.00 | | |
| 02-22-2002 | RECEIVED POA/TIA | | | |
| 12-20-2001 | LEGAL SUIT PENDING | | | |

FORM 4340  (REV. 01-2002)                    PAGE    1


GOVERNMENT
EXHIBIT
2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

HAROLD J WOODS                        EIN/SSN: 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
                                               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*

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040        TAX PERIOD: DEC  1994

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| 04-03-2002 | LEGAL SUIT NO LONGER PENDING | | | |
| 10-10-2002 | OFFER IN COMPROMISE REJECTED, RETURNED, TERMINATED | | | |
| 11-25-2002 | MODULE BLOCKED OR RELEASED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 02-13-2003 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |
| 02-25-2003 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 04-26-2004 | REVERSAL OF MODULE BLOCKED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 04-01-2004 | LEGAL SUIT PENDING | | | |
| 05-12-2006 | FEDERAL TAX LIEN | | | |
| 06-05-2006 | FEES AND COLLECTION COSTS | 20.00 | | |

FORM 4340  (REV. 01-2002)                    PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

HAROLD J WOODS                        EIN/SSN: 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
                                               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*


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  1994

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| 07-07-2006 | FEDERAL TAX LIEN | | | |
| 07-31-2006 | FEES AND COLLECTION COSTS | | 10.00 | |
| 08-29-2006 | LEGAL SUIT PENDING | | | |
| 11-25-1996 | Statutory Notice of Balance Due | | | |
| 02-03-1997 | Statutory Notice of Intent to Levy | | | |
| 09-09-2002 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)                    PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

HAROLD J WOODS                        EIN/SSN: 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
                                               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*


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  1994
--------------------------------------------------------------------------


BALANCE        21,448.10

--------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

--------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER:_____

PRINT NAME:_____Susan F. Foster_____

TITLE:_____Supervisory Investigative Analyst_____

DELEGATION ORDER:___CI Delegation #18_____


LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 06/03/2008

FORM 4340  (REV. 01-2002)                    PAGE    4

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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
                                               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*


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040       TAX PERIOD: DEC  1995

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| | ADJUSTED GROSS INCOME 67,793.00 | | | |
| | TAXABLE INCOME 44,624.00 | | | |
| | SELF EMPLOYMENT TAX 2,713.00 | | | |
| 10-18-1996 | RETURN FILED & TAX ASSESSED 08221-300-65023-6  199647 | 12,673.00 | | 12-02-1996 |
| 04-15-1996 | WITHHOLDING | | 5,354.00 | |
| 04-15-1996 | EXTENSION OF TIME TO FILE EXT. DATE  08-15-1996 | | | |
| 04-15-1996 | EXTENSION OF TIME TO FILE EXT. DATE  08-15-1996 | | | |
| 04-15-1996 | EXTENSION OF TIME TO FILE EXT. DATE  10-15-1996 | | | |
| | ESTIMATED TAX PENALTY 19964708 | 367.00 | | 12-02-1996 |
| | FAILURE TO PAY TAX PENALTY 19964708 | 292.76 | | 12-02-1996 |
| | INTEREST ASSESSED 19964708 | 411.66 | | 12-02-1996 |
| 04-24-1997 | SUBSEQUENT PAYMENT | | 500.00 | |
| 04-24-1997 | SUBSEQUENT PAYMENT | | 500.00 | |
| 04-24-1997 | SUBSEQUENT PAYMENT | | 500.00 | |

FORM 4340  (REV. 01-2002)              PAGE    1

GOVERNMENT
EXHIBIT
3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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
                                               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*


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040        TAX PERIOD: DEC  1995

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| 04-24-1997 | SUBSEQUENT PAYMENT | | 500.00 | |
| 05-29-1997 | SUBSEQUENT PAYMENT | | 500.00 | |
| 05-29-1997 | SUBSEQUENT PAYMENT | | 500.00 | |
| 05-29-1997 | SUBSEQUENT PAYMENT | | 500.00 | |
| 07-07-1997 | RENUMBERED RETURN 08247-590-60016-7 | | | |
| 11-28-1997 | FEDERAL TAX LIEN | | | |
| 11-06-1998 | OFFER IN COMPROMISE PENDING | | | |
| 11-23-2001 | FEDERAL TAX LIEN | | | |
| 02-22-2002 | RECEIVED POA/TIA | | | |
| 12-20-2001 | LEGAL SUIT PENDING | | | |
| 04-03-2002 | LEGAL SUIT NO LONGER PENDING | | | |

FORM 4340  (REV. 01-2002)              PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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
                                               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*


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040        TAX PERIOD: DEC  1995


|  |  | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
| DATE | EXPLANATION OF TRANSACTION | | | |
| --- | --- | --- | --- | --- |
| 10-10-2002 | OFFER IN COMPROMISE REJECTED, RETURNED, TERMINATED | | | |
| 11-25-2002 | MODULE BLOCKED OR RELEASED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 02-13-2003 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |
| 02-25-2003 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 04-26-2004 | REVERSAL OF MODULE BLOCKED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 04-01-2004 | LEGAL SUIT PENDING | | | |
| 05-12-2006 | FEDERAL TAX LIEN | | | |
| 07-07-2006 | FEDERAL TAX LIEN | | | |
| 08-29-2006 | LEGAL SUIT PENDING | | | |
| 12-02-1996 | Statutory Notice of Balance Due | | | |
| 02-03-1997 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)                    PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

HAROLD WOODS                        EIN/SSN: 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
                                             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*


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040       TAX PERIOD: DEC  1995


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| 09-09-2002 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)                PAGE    4

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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
                                               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*


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  1995
------------------------------------------------------------------------


BALANCE           4,890.42

------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER: _Susan F. Foster_

PRINT NAME:_____Susan F. Foster_____

TITLE:_____Supervisory Investigative Analyst_____

DELEGATION ORDER:___CI Delegation #18_____


LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 06/03/2008

FORM 4340  (REV. 01-2002)                    PAGE    5

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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
                                               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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040       TAX PERIOD: DEC   1996

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|--------------------------------|
| | ADJUSTED GROSS INCOME 130,500.00 | | | |
| | TAXABLE INCOME 123,842.00 | | | |
| 11-24-1997 | RETURN FILED & TAX ASSESSED 08221-333-01832-7   199750 | 36,831.00 | | 12-22-1997 |
| 04-15-1997 | WITHHOLDING | | 13,806.00 | |
| 04-15-1997 | EXTENSION OF TIME TO FILE EXT. DATE   08-15-1997 | | | |
| 04-15-1997 | EXTENSION OF TIME TO FILE EXT. DATE   10-15-1997 | | | |
| | LATE FILING PENALTY 19975008 | 2,072.25 | | 12-22-1997 |
| | FAILURE TO PAY TAX PENALTY 19975008 | 1,036.12 | | 12-22-1997 |
| | INTEREST ASSESSED 19975008 | 1,504.90 | | 12-22-1997 |
| 03-06-1998 | FEDERAL TAX LIEN | | | |
| 03-30-1998 | FEES AND COLLECTION COSTS | 10.00 | | |
| 11-06-1998 | OFFER IN COMPROMISE PENDING | | | |
| 11-23-2001 | FEDERAL TAX LIEN | | | |
| 02-22-2002 | RECEIVED POA/TIA | | | |
| 12-20-2001 | LEGAL SUIT PENDING | | | |

FORM 4340  (REV. 01-2002)                   PAGE    1



GOVERNMENT
EXHIBIT
4

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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
                                               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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040        TAX PERIOD: DEC  1996


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| 04-03-2002 | LEGAL SUIT NO LONGER PENDING | | | |
| 10-10-2002 | OFFER IN COMPROMISE REJECTED, RETURNED, TERMINATED | | | |
| 11-25-2002 | MODULE BLOCKED OR RELEASED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 02-13-2003 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |
| 02-25-2003 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 04-26-2004 | REVERSAL OF MODULE BLOCKED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 04-01-2004 | LEGAL SUIT PENDING | | | |
| 08-29-2006 | LEGAL SUIT PENDING | | | |
| 03-30-2007 | FEDERAL TAX LIEN | | | |

FORM 4340  (REV. 01-2002)                    PAGE     2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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
                                               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

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  1996

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| 04-23-2007 | FEES AND COLLECTION COSTS | | 30.00 | |
| 04-06-2007 | FEDERAL TAX LIEN | | | |
| 12-22-1997 | Statutory Notice of Balance Due | | | |
| 01-12-1998 | Statutory Notice of Intent to Levy | | | |
| 09-09-2002 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)                    PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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
                                               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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  1996
-------------------------------------------------------------------


BALANCE        27,678.27

-------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

-------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER: _Susan F. Foster_

PRINT NAME:_____Susan F. Foster_____

TITLE:_____Supervisory Investigative Analyst_____

DELEGATION ORDER:___CI Delegation #18_____


LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 06/03/2008

FORM 4340  (REV. 01-2002)                    PAGE   4

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

HAROLD WOODS                      EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN       TAX PERIOD: DEC  1992

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-----|-----|-----|
| | QUICK ASSESSMENT IRC 6672 - TRUST FUND RECOVERY PENALTY 08251-220-12001-6 | 583,789.71 | | 08-07-1996 |
| | QUICK ASSESSMENT 08251-220-12001-6 | | 0.00 | 08-07-1996 |
| | INTEREST ASSESSED 19963808 | 7,802.69 | | 09-30-1996 |
| 11-28-1997 | FEDERAL TAX LIEN | | | |
| 12-22-1997 | FEES AND COLLECTION COSTS | 10.00 | | |
| | MISCELLANEOUS PENALTY IRC 6672 - TRUST FUND RECOVERY PENALTY 08254-408-52000-8   19980408 | 106,611.00 | | 02-09-1998 |
| | ADDITIONAL TAX ASSESSED 08254-408-52000-8   19980408 | | 0.00 | 02-09-1998 |
| | QUICK ASSESSMENT IRC 6672 - TRUST FUND RECOVERY PENALTY 08251-009-12003-8       08 | 106,611.00 | | 01-09-1998 |
| | QUICK ASSESSMENT 08251-009-12003-8       08 | | 0.00 | 01-09-1998 |

FORM 4340  (REV. 01-2002)             PAGE    1


GOVERNMENT EXHIBIT
5

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN      TAX PERIOD: DEC  1992

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|--------------------------------------|-----------------------------|----------------------------------|
| 01-06-1998 | XREF 100% PENALTY<br>941        199212<br>04-3122730 | | | |
| 08-07-1996 | MISCELLANEOUS PENALTY<br>ADJUSTMENT<br>IRC 6672 - TRUST FUND<br>RECOVERY PENALTY<br>08254-444-53000-8 | 583,789.71- | | |
| | ADDITIONAL TAX ASSESSED<br>08254-444-53000-8  19980808 | | 0.00 | 03-09-1998 |
| 03-09-1998 | INTEREST ABATED | 5,501.88- | | |
| 11-06-1998 | OFFER IN COMPROMISE<br>PENDING | | | |
| 11-23-2001 | FEDERAL TAX LIEN | | | |
| 12-20-2001 | LEGAL SUIT PENDING | | | |
| 04-03-2002 | LEGAL SUIT NO LONGER<br>PENDING | | | |
| 10-10-2002 | OFFER IN COMPROMISE<br>REJECTED, RETURNED,<br>TERMINATED | | | |

FORM 4340  (REV. 01-2002)                 PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

HAROLD WOODS                         EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        TAX PERIOD: DEC  1992

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| 11-25-2002 | MODULE BLOCKED OR RELEASED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 02-13-2003 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |
| 02-25-2003 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 03-17-2004 | RECEIVED POA/TIA | | | |
| 04-26-2004 | REVERSAL OF MODULE BLOCKED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 04-01-2004 | LEGAL SUIT PENDING | | | |
| 08-29-2006 | LEGAL SUIT PENDING | | | |
| 01-19-2007 | FEDERAL TAX LIEN | | | |
| 02-12-2007 | FEES AND COLLECTION COSTS | | 10.00 | |
| 03-30-2007 | FEDERAL TAX LIEN | | | |
| 06-01-2007 | FEDERAL TAX LIEN | | | |

FORM 4340  (REV. 01-2002)                     PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        TAX PERIOD: DEC  1992

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|----------------------------------|
| 06-25-2007 | FEES AND COLLECTION COSTS | | 10.00 | |
| 08-07-1996 | Statutory Notice of Balance Due | | | |
| 09-30-1996 | Statutory Notice of Balance Due | | | |
| 10-21-1996 | Statutory Notice of Intent to Levy | | | |
| 02-03-1997 | Statutory Notice of Intent to Levy | | | |
| 01-09-1998 | Statutory Notice of Balance Due | | | |
| 10-21-2002 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)                    PAGE    4

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        TAX PERIOD: DEC  1992
-------------------------------------------------------------------------


BALANCE        215,552.81

-------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

-------------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER: _Susan F. Foster_

PRINT NAME:_____Susan F. Foster_____

TITLE:_____Supervisory Investigative Analyst_____

DELEGATION ORDER:___CI Delegation #18_____


LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 06/03/2008

FORM 4340  (REV. 01-2002)                PAGE    5

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

HAROLD WOODS                         EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN       TAX PERIOD: MAR  1993

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|

------------------------------------------------------------------------

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| 08-23-1996 | XREF 100% PENALTY<br>941          199303<br>04-3098341 | | | |
| | QUICK ASSESSMENT<br>IRC 6672 - TRUST FUND<br>RECOVERY PENALTY<br>08251-220-12003-6      08 | | 289,156.53 | 08-07-1996 |
| | QUICK ASSESSMENT<br>08251-220-12003-6      08 | | 0.00 | 08-07-1996 |
| | INTEREST ASSESSED<br>19963808 | | 3,864.75 | 09-30-1996 |
| 11-28-1997 | FEDERAL TAX LIEN | | | |
| | QUICK ASSESSMENT<br>IRC 6672 - TRUST FUND<br>RECOVERY PENALTY<br>08251-009-12001-8      08 | | 37,607.18 | 01-09-1998 |
| | QUICK ASSESSMENT<br>08251-009-12001-8      08 | | 0.00 | 01-09-1998 |
| 08-07-1996 | MISCELLANEOUS PENALTY<br>ADJUSTMENT<br>IRC 6672 - TRUST FUND<br>RECOVERY PENALTY<br>08254-444-53008-8 | 289,156.53- | | |

FORM 4340  (REV. 01-2002)                   PAGE    1



GOVERNMENT EXHIBIT

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        TAX PERIOD: MAR  1993

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|----------------------------------|
|  | ADDITIONAL TAX ASSESSED 08254-444-53008-8  19980808 | 0.00 |  | 03-09-1998 |
| 03-09-1998 | INTEREST ABATED |  | 3,313.71- |  |
| 11-06-1998 | OFFER IN COMPROMISE PENDING |  |  |  |
| 11-23-2001 | FEDERAL TAX LIEN |  |  |  |
| 12-20-2001 | LEGAL SUIT PENDING |  |  |  |
| 04-03-2002 | LEGAL SUIT NO LONGER PENDING |  |  |  |
| 10-10-2002 | OFFER IN COMPROMISE REJECTED, RETURNED, TERMINATED |  |  |  |
| 11-25-2002 | MODULE BLOCKED OR RELEASED FROM FEDERAL PAYMENT LEVY PROGRAM |  |  |  |
| 02-13-2003 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED |  |  |  |
| 02-25-2003 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED |  |  |  |

FORM 4340  (REV. 01-2002)                    PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
----------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        TAX PERIOD: MAR   1993

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|-----------------------------|----------------------------------|

----------------------------------------------------------------------

03-17-2004 RECEIVED POA/TIA

04-26-2004 REVERSAL OF MODULE
           BLOCKED FROM FEDERAL
           PAYMENT LEVY PROGRAM

04-01-2004 LEGAL SUIT PENDING

08-29-2006 LEGAL SUIT PENDING

01-19-2007 FEDERAL TAX LIEN

03-30-2007 FEDERAL TAX LIEN

03-18-2008 XREF 100% PENALTY
           CVPN        199303
           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

08-07-1996 Statutory Notice of Balance Due

09-30-1996 Statutory Notice of Balance Due

10-21-1996 Statutory Notice of Intent to Levy

02-03-1997 Statutory Notice of Intent to Levy

01-09-1998 Statutory Notice of Balance Due


FORM 4340  (REV. 01-2002)              PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        TAX PERIOD: MAR  1993

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT, DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|----------------------------------|

10-21-2002 Statutory Notice of Intent to Levy

FORM 4340  (REV. 01-2002)                    PAGE    4

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        TAX PERIOD: MAR  1993
--------------------------------------------------------------------------


BALANCE        38,158.22

--------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.   I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

--------------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER: _Susan F. Foster_

PRINT NAME:_____Susan F. Foster_____

TITLE:_____Supervisory Investigative Analyst_____

DELEGATION ORDER:___CI Delegation #18_____


LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 06/03/2008

FORM 4340  (REV. 01-2002)                   PAGE    5

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN      TAX PERIOD: DEC  1993

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|---------------------------------|------------------------|-----------------------------|
| | QUICK ASSESSMENT IRC 6672 - TRUST FUND RECOVERY PENALTY 08251-027-12201-7      08 | | 104,514.05 | 01-27-1997 |
| | QUICK ASSESSMENT 08251-027-12201-7      08 | | 0.00 | 01-27-1997 |
| | INTEREST ASSESSED 19970708 | | 723.98 | 02-24-1997 |
| 11-28-1997 | FEDERAL TAX LIEN | | | |
| | QUICK ASSESSMENT IRC 6672 - TRUST FUND RECOVERY PENALTY 08251-009-12002-8      08 | | 11,042.82 | 01-09-1998 |
| | QUICK ASSESSMENT 08251-009-12002-8      08 | | 0.00 | 01-09-1998 |
| 01-27-1997 | MISCELLANEOUS PENALTY ADJUSTMENT IRC 6672 - TRUST FUND RECOVERY PENALTY 08254-444-53007-8 | 104,514.05- | | |
| | ADDITIONAL TAX ASSESSED 08254-444-53007-8   19980808 | | 0.00 | 03-09-1998 |

FORM 4340  (REV. 01-2002)              PAGE    1



PENGAD-Bayonne, N.J.

GOVERNMENT
EXHIBIT

7

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN      TAX PERIOD: DEC  1993

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|----------------------|----------------|------------------|
| 03-09-1998 | INTEREST ABATED | | 562.18- | |
| 11-06-1998 | OFFER IN COMPROMISE PENDING | | | |
| 11-23-2001 | FEDERAL TAX LIEN | | | |
| 12-20-2001 | LEGAL SUIT PENDING | | | |
| 04-03-2002 | LEGAL SUIT NO LONGER PENDING | | | |
| 10-10-2002 | OFFER IN COMPROMISE REJECTED, RETURNED, TERMINATED | | | |
| 11-25-2002 | MODULE BLOCKED OR RELEASED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 02-13-2003 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |
| 02-25-2003 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 03-17-2004 | RECEIVED POA/TIA | | | |

FORM 4340  (REV. 01-2002)                    PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN      TAX PERIOD: DEC  1993

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|--------------------------------------|-----------------------------|----------------------------------|
| 04-26-2004 | REVERSAL OF MODULE BLOCKED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 04-01-2004 | LEGAL SUIT PENDING | | | |
| 08-29-2006 | LEGAL SUIT PENDING | | | |
| 01-19-2007 | FEDERAL TAX LIEN | | | |
| 03-30-2007 | FEDERAL TAX LIEN | | | |
| 01-27-1997 | Statutory Notice of Balance Due | | | |
| 02-24-1997 | Statutory Notice of Balance Due | | | |
| 03-17-1997 | Statutory Notice of Intent to Levy | | | |
| 01-09-1998 | Statutory Notice of Balance Due | | | |
| 10-21-2002 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)                    PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------

HAROLD WOODS                          EIN/SSN: 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


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        TAX PERIOD: DEC  1993
--------------------------------------------------------------------


BALANCE        11,204.62

--------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

--------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER: _Susan F. Foster_
PRINT NAME:_____Susan F. Foster_____

TITLE:_____Supervisory Investigative Analyst_____

DELEGATION ORDER:____CI Delegation #18_____


LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 06/03/2008

FORM 4340  (REV. 01-2002)                    PAGE    4

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-40017-FDS |
| | ) | |
| TERRA REALTY TRUST, et al., | ) | Judge F. Dennis Saylor, IV |
| | ) | |
| Defendants. | ) | |

### DECLARATION OF RAI SHEPARDSON
#### IN SUPPORT OF UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Rai Shepardson, pursuant to 28 U.S.C. § 1746, state as follows:

1.      I am employed by the Internal Revenue Service as a Technical Services Advisor.  One of
my responsibilities is to provide support and information to the Department of Justice
with respect to the instant lawsuit.  I have reviewed the IRS's computer accounts for the
defendant Harold J. Woods, for the years and type of taxes involved in this lawsuit.

2.      The defendant, Harold J. Woods, is indebted to the United States of America, for unpaid
federal income taxes, civil penalties, interest, and other statutory accruals, for the years
and amounts identified below, as of June 13, 2008:



GOVERNMENT
EXHIBIT
8

| Tax Period | Unpaid Assessed Balance | Accrued Interest and Penalties | Total Due as of June 13, 2008 |
|---|---|---|---|
| 1992 | $ 80,846.14 | $ 105,017.36 | $ . 185,863.50 |
| 12/31/92* | $ 215,552.81 | $ 220,767.11 | $ 436,319.92 |
| 3/31/93* | $ 38,158.22 | $ 39,084.63 | $ 77,242.85 |
| 12/31/93* | $ 11,204.62 | $ 11,476.64 | $ 22,681.26 |
| 1994 | $ 21,448.10 | $ 29,346.77 | $ 50,794.87 |
| 1995 | $ 4,890.42 | $ 7,463.34 | $ 12,353.76 |
| 1996 | $ 27,678.27 | $ 34,114.42 | $ 61,792.69 |
| | | **TOTAL DUE:** | $ 847,048.85 |

* Civil penalties assessed pursuant to 26 U.S.C. § 6672.

3.    Interest and other statutory accruals continue to accrue on the amounts described in paragraph two, above.


I declare under penalty of perjury, that the foregoing is true and accurate. Executed on this 12th day of June, 2008, at Burlington, Vermont.


RAI SHEPARDSON
Revenue Officer Advisor

- 2 -

3521                                                         COURT RECORDING DATA
```
--------------------------------------------+---------------------------------------
        INTERNAL REVENUE SERVICE            | Lien Recorded    : 11/24/1997 - 09:36AM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT       | Recording Number: 02510WOO2450777
                                            | UCC Number       : IRS049749585
                                            | Liber            :
                                            | Page             :
--------------------------------------------+---------------------------------------
District: NEW ENGLAND                       | IRS Serial Number:  49749585
-----------------------------------------------------------------------------------
```
                        This Lien Has Been Filed in Accordance with
                        Internal Revenue Regulation 301.6323(f)-1.

```
-----------------------------------------------------------------------------------
```
Name of Taxpayer :
  HAROLD J WOODS


```
-----------------------------------------------------------------------------------
```
Residence :
  60 TURKEY HILL RD
  LUNENBURG, MA 01462-1445
```
-----------------------------------------------------------------------------------
```
  With respect to each assessment below, unless notice of lien
  is refiled by the date in column(e), this notice shall constitute
  the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|------|------------|---------------|------------|-----------------|----------------|
| 1040 | 12/31/1992 | XXX-XX-6619 | 12/16/1996 | 01/15/2007 | 86256.24 |
| 1040 | 12/31/1994 | XXX-XX-6619 | 11/25/1996 | 12/25/2006 | 21408.10 |
| 1040 | 12/31/1995 | XXX-XX-6619 | 12/02/1996 | 01/01/2007 | 4890.42 |
| 6672 | 12/31/1992 | XXX-XX-6619 | 08/07/1996 | 09/06/2006 | 591592.40 |
| 6672 | 03/31/1993 | XXX-XX-6619 | 08/07/1996 | 09/06/2006 | 293021.28 |
| 6672 | 12/31/1993 | XXX-XX-6619 | 01/27/1997 | 02/26/2007 | 105238.03 |

```
-----------------------------------------------------------------------------------
Filed at:    U.S. District Court               |
             USDC ELECTRONIC         Total     | $    1102406.47
             Boston, MA 02210                  |
-----------------------------------------------------------------------------------
```
This notice was prepared and executed at Boston, MA
on this, the 21st day of November, 1997.
```
-----------------------------------------------------------------------------------
```
Authorizing Official:                 | Title:
    DAVE WILSON                       | REVENUE OFFICER            04-01-2159
                                      |
```
-----------------------------------------------------------------------------------
```

GOVERNMENT
EXHIBIT
9

```
3521                                              COURT RECORDING DATA
```

| | |
|---|---|
| INTERNAL REVENUE SERVICE | Lien Recorded    : 03/04/1998 - 00:00AM |
| FACSIMILE FEDERAL TAX LIEN DOCUMENT | Recording Number: 003838 |
| | UCC Number      : |
| | Liber           : 03139 |
| | Page            : 030 |

```
District: NEW ENGLAND                   | IRS Serial Number: 49854338
```

                   This Lien Has Been Filed in Accordance with
                   Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer :
  HAROLD J WOODS


Residence :
  60 TURKEY HILL RD
  LUNENBURG, MA 01462-1445

  With respect to each assessment below, unless notice of lien
  is refiled by the date in column(e), this notice shall constitute
  the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1996 | XXX-XX-6619 | 12/22/1997 | 01/21/2008 | 27638.27 |

| | | |
|---|---|---|
| Filed at:   Registry of Deeds | | |
|             Northern Worcester County | Total | $    27638.27 |
|             Fitchburg, MA 01420 | | |

This notice was prepared and executed at Boston, MA
on this, the 27th day of February, 1998.

| | |
|---|---|
| Authorizing Official: | Title: |
|    THOMAS KILMARTIN | REVENUE OFFICER          04-01-2168 |

3521                                                            COURT RECORDING DATA

```
---------------------------------------+-------------------------------------------
        INTERNAL REVENUE SERVICE       | Lien Recorded   : 03/02/1998 - 08:30AM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT  | Recording Number: 02147WOO2450875
                                       | UCC Number      : IRS049854340
                                       | Liber           :
                                       | Page            :
---------------------------------------+-------------------------------------------
District: NEW ENGLAND                  | IRS Serial Number:  49854340
-------------------------------------------------------------------------------------
```

                         This Lien Has Been Filed in Accordance with
                         Internal Revenue Regulation 301.6323(f)-1.

```
-------------------------------------------------------------------------------------
Name of Taxpayer :
  HAROLD J WOODS


-------------------------------------------------------------------------------------
Residence :
  60 TURKEY HILL RD
  LUNENBURG, MA 01462-1445
-------------------------------------------------------------------------------------
```

  With respect to each assessment below, unless notice of lien
  is refiled by the date in column(e), this notice shall constitute
  the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|----------|-----------|---------------|--------------|---------------------|--------------------|
| 1040     | 12/31/1996 | XXX-XX-6619  | 12/22/1997   | 01/21/2008          | 27638.27           |

```
-------------------------------------------------------------------------------------
Filed at:    U.S. District Court            |
             USDC ELECTRONIC          Total | $      27638.27
             Boston, MA 02210               |
-------------------------------------------------------------------------------------
```
This notice was prepared and executed at Boston, MA
on this, the 27th day of February, 1998.

```
-------------------------------------------------------------------------------------
Authorizing Official:                       | Title:
     THOMAS KILMARTIN                        | REVENUE OFFICER        04-01-2168
                                            |
-------------------------------------------------------------------------------------
```

```
3521                                                    COURT RECORDING DATA
-------------------------------------------+-----------------------------------------
        INTERNAL REVENUE SERVICE           | Lien Recorded    : 01/23/2007 - 10:30AM
   FACSIMILE FEDERAL TAX LIEN DOCUMENT      | Recording Number: 1434
                                           | UCC Number       :
                                           | Liber            : 6365
                                           | Page             : 368
-------------------------------------------+-----------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1      | IRS Serial Number: 339266007
Lien Unit Phone: (800) 913-6050            |
-----------------------------------------------------------------------------------
               This Lien Has Been Filed in Accordance with
               Internal Revenue Regulation 301.6323(f)-1.

-----------------------------------------------------------------------------------
Name of Taxpayer :
  HAROLD J WOODS


-----------------------------------------------------------------------------------
Residence :
  60 TURKEY HILL RD
  LUNENBURG, MA 01462-1445
-----------------------------------------------------------------------------------
  With respect to each assessment below, unless notice of lien
  is refiled by the date in column(e), this notice shall constitute
  the certificate of release of lien as defined in IRC 6325(a).
-------+----------+-------------+------------+------------------+----------------
 Form  |  Period  |  ID Number  |  Assessed  |  Refile Deadline |  Unpaid Balance
  (a)  |   (b)    |     (c)     |    (d)     |       (e)        |      (f)
-------+----------+-------------+------------+------------------+----------------
 6672  | 12/31/1992 | XXX-XX-6619 | 01/09/1998 |   02/08/2008    |    108921.81
 6672  | 12/31/1992 | XXX-XX-6619 | 02/09/1998 |   03/10/2008    |    106611.00
 6672  | 03/31/1993 | XXX-XX-6619 | 01/09/1998 |   02/08/2008    |     38158.22
 6672  | 12/31/1993 | XXX-XX-6619 | 01/09/1998 |   02/08/2008    |     11204.62
 6672  | 12/31/1995 | XXX-XX-6619 | 06/20/2001 |   07/20/2011    |     14439.75
```

```
-----------------------------------------------------------------------------------
Filed at:    Registry of Deeds                             |
             Northern Worcester County          Total | $     279335.40
             Fitchburg, MA 01420                           |
-----------------------------------------------------------------------------------
This notice was prepared and executed at MANHATTAN, NY
on this, the 12th day of January, 2007.
-----------------------------------------------------------------------------------
Authorizing Official:                  | Title:
     RAI SHEPARDSON                     | SPF ADVISOR              21-97-6946
                                        |
-----------------------------------------------------------------------------------
```

```
3521 *** REFILED NOTICE ** REFILED NOTICE ***      COURT RECORDING DATA
-------------------------------------------------------------------------------
        INTERNAL REVENUE SERVICE       | Lien Recorded   : 05/15/2006 - 12:47PM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT  | Recording Number: 10903
                                       | UCC Number   :
                                       | Liber        : 6113
                                       | Page         : 148
-------------------------------------------+-----------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1  | Original IRS Serial No.: 49749584
Lien Unit Phone: (800) 913-6050        | Lien Recorded           : 11/28/1997
-------------------------------------------------------------------------------
                  This Lien Has Been Filed in Accordance with
                  Internal Revenue Regulation 301.6323(f)-1.


-------------------------------------------------------------------------------
Name of Taxpayer :
  HAROLD J WOODS



-------------------------------------------------------------------------------
Residence :
  60 TURKEY HILL RD
  LUNENBURG, MA 01462-1445


-------+----------+-------------+------------+-----------------+---------------
 Form  |  Period  |  ID Number  |  Assessed  |  Refile Deadline |  Unpaid Balance
 (a)   |   (b)    |    (c)      |    (d)     |       (e)        |      (f)
-------+----------+-------------+------------+-----------------+---------------
 1040   12/31/1992  XXX-XX-6619   12/16/1996        N/A              80846.14




  +---------------------------------------------------------------------+
  |             NOTICE OF FEDERAL TAX LIEN REFILING                     |
  | Serial ID: 289525906                Refiled At: Northern Worcester  |
  | New TP Name: SAME AS ABOVE               New TIN: SAME AS ABOVE     |
  | New Address :                                                       |
  |   60 TURKEY HILL RD                                                 |
  |   LUNENBURG, MA 01462-1445                                          |
  | Authorizing Official:            DATE : 05/08/2006                  |
  | RAI SHEPARDSON                   Title: SPF ADVISOR                 |
  |                                         21-97-6946                  |
  -------------------------------------------------------------------------
Filed at:    Registry of Deeds                      |
             Northern Worcester County     Total | $    80846.14
             Fitchburg, MA 1420                     |
-------------------------------------------------------------------------------
This notice was prepared and executed at MANHATTAN, NY
on this, the 21st day of November, 1997.
-------------------------------------------------------------------------------
Authorizing Official:              | Title:
    DAVE WILSON                     |     REVENUE OFFICER
                                    |     04-01-2159
-------------------------------------------------------------------------------
```

```
3521 *** REFILED NOTICE ** REFILED NOTICE ***      COURT RECORDING DATA
------------------------------------------------------------------------
        INTERNAL REVENUE SERVICE        | Lien Recorded   : 05/15/2006 - 12:47PM
   FACSIMILE FEDERAL TAX LIEN DOCUMENT  | Recording Number: 10904
                                        | UCC Number   :
                                        | Liber        : 6113
                                        | Page         : 149
------------------------------------------+-----------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1   | Original IRS Serial No.: 49749584
Lien Unit Phone: (800) 913-6050         | Lien Recorded       : 11/28/1997
------------------------------------------------------------------------
              This Lien Has Been Filed in Accordance with
              Internal Revenue Regulation 301.6323(f)-1.

------------------------------------------------------------------------
Name of Taxpayer :
  HAROLD J WOODS


------------------------------------------------------------------------
Residence :
  60 TURKEY HILL RD
  LUNENBURG, MA 01462-1445
```

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1994 | XXX-XX-6619 | 11/25/1996 | N/A | 21418.10 |
| 1040 | 12/31/1995 | XXX-XX-6619 | 12/02/1996 | N/A | 4890.42 |

```
+--------------------------------------------------------------------+
|            NOTICE OF FEDERAL TAX LIEN REFILING                     |
| Serial ID: 289526106              Refiled At: Northern Worcester   |
| New TP Name: SAME AS ABOVE             New TIN: SAME AS ABOVE      |
| New Address :                                                      |
|    60 TURKEY HILL RD                                               |
|    LUNENBURG, MA 01462-1445                                        |
| Authorizing Official:             DATE : 05/08/2006               |
| RAI SHEPARDSON                    Title: SPF ADVISOR              |
|                                   21-97-6946                      |
------------------------------------------------------------------------
Filed at:   Registry of Deeds                 |
            Northern Worcester County   Total | $      26308.52
            Fitchburg, MA 1420                |
------------------------------------------------------------------------
This notice was prepared and executed at MANHATTAN, NY
on this, the 21st day of November, 1997.
------------------------------------------------------------------------
Authorizing Official:              | Title:
    DAVE WILSON                    |     REVENUE OFFICER
                                   |     04-01-2159
------------------------------------------------------------------------
```

```
3521 *** REFILED NOTICE ** REFILED NOTICE ***     COURT RECORDING DATA
------------------------------------------------------------------------
         INTERNAL REVENUE SERVICE          | Lien Recorded   : 04/03/2007 - 09:44AM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT      | Recording Number: 6388
                                           | UCC Number    :
                                           | Liber         : 6422
                                           | Page          : 289
---------------------------------------------+--------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1      | Original IRS Serial No.: 49854338
Lien Unit Phone: (800) 913-6050            | Lien Recorded       : 03/04/1998
------------------------------------------------------------------------
                This Lien Has Been Filed in Accordance with
                Internal Revenue Regulation 301.6323(f)-1.

------------------------------------------------------------------------
Name of Taxpayer :
   HAROLD J WOODS


------------------------------------------------------------------------
Residence :
   60 TURKEY HILL RD
   LUNENBURG, MA 01462-1445


-------+----------+-------------+------------+-------------------+----------------
 Form  |  Period  |  ID Number  |  Assessed  |  Refile Deadline  |  Unpaid Balance
 (a)   |   (b)    |     (c)     |    (d)     |        (e)        |       (f)
-------+----------+-------------+------------+-------------------+----------------
 1040   12/31/1996  XXX-XX-6619   12/22/1997           N/A                27638.27
```

```
+--------------------------------------------------------------------+
|                 NOTICE OF FEDERAL TAX LIEN REFILING                |
| Serial ID: 353117007                 Refiled At: Northern Worcester|
| New TP Name: SAME AS ABOVE                  New TIN: SAME AS ABOVE |
| New Address :                                                      |
|    60 TURKEY HILL RD                                               |
|    LUNENBURG, MA 01462-1445                                        |
| Authorizing Official:                DATE : 03/21/2007             |
| RAI SHEPARDSON                       Title: SPF ADVISOR            |
|                                             21-97-6946             |
--------------------------------------------------------------------
Filed at:    Registry of Deeds                     |
             Northern Worcester County      Total  | $      27638.27
             Fitchburg, MA 1420                    |
------------------------------------------------------------------------
This notice was prepared and executed at MANHATTAN, NY
on this, the 27th day of February, 1998.
------------------------------------------------------------------------
Authorizing Official:               | Title:
     THOMAS KILMARTIN               |       REVENUE OFFICER
                                    |         04-01-2168
------------------------------------------------------------------------
```

3521 *** REFILED NOTICE ** REFILED NOTICE ***    COURT RECORDING DATA

```
------------------------------------------------------------------------
        INTERNAL REVENUE SERVICE     | Lien Recorded   : 03/30/2007 - 17:00PM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT | Recording Number: 01872WOO2454190
                                     | UCC Number    : IRS353117207
                                     | Liber         :
                                     | Page          :
------------------------------------------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1 | Original IRS Serial No.: 49854340
Lien Unit Phone: (800) 913-6050       | Lien Recorded      : 03/02/1998
------------------------------------------------------------------------
```

                    This Lien Has Been Filed in Accordance with
                    Internal Revenue Regulation 301.6323(f)-1.

```
------------------------------------------------------------------------
```
Name of Taxpayer :
  HAROLD J WOODS


```
------------------------------------------------------------------------
```
Residence :
  60 TURKEY HILL RD
  LUNENBURG, MA 01462-1445


| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1996 | XXX-XX-6619 | 12/22/1997 | N/A | 27638.27 |


```
+----------------------------------------------------------------------+
|                 NOTICE OF FEDERAL TAX LIEN REFILING                   |
| Serial ID: 353117207                              Refiled At: USDC    |
| New TP Name: SAME AS ABOVE              New TIN: SAME AS ABOVE         |
| New Address :                                                         |
|   60 TURKEY HILL RD                                                   |
|   LUNENBURG, MA 01462-1445                                            |
| Authorizing Official:              DATE : 03/21/2007                  |
| RAI SHEPARDSON                     Title: SPF ADVISOR                 |
|                                           21-97-6946                  |
------------------------------------------------------------------------
Filed at:   U.S. District Court              |
            USDC ELECTRONIC              Total | $      27638.27
            Boston, MA 2210                    |
------------------------------------------------------------------------
This notice was prepared and executed at MANHATTAN, NY
on this, the 27th day of February, 1998.
------------------------------------------------------------------------
Authorizing Official:              | Title:
        THOMAS KILMARTIN            |     REVENUE OFFICER
                                   |         04-01-2168
------------------------------------------------------------------------
```

```
3521                                                  COURT RECORDING DATA
-------------------------------------------+-----------------------------------------
         INTERNAL REVENUE SERVICE          | Lien Recorded    : 11/28/1997 - 00:00AM
     FACSIMILE FEDERAL TAX LIEN DOCUMENT   | Recording Number: 021148
                                           | UCC Number       :
                                           | Liber            : 03097
                                           | Page             : 244
-------------------------------------------+-----------------------------------------
District: NEW ENGLAND                      | IRS Serial Number: 49749584
------------------------------------------------------------------------------------
                   This Lien Has Been Filed in Accordance with
                   Internal Revenue Regulation 301.6323(f)-1.

------------------------------------------------------------------------------------
Name of Taxpayer :
  HAROLD J WOODS


------------------------------------------------------------------------------------
Residence :
  60 TURKEY HILL RD
  LUNENBURG, MA 01462-1445
------------------------------------------------------------------------------------
  With respect to each assessment below, unless notice of lien
  is refiled by the date in column(e), this notice shall constitute
  the certificate of release of lien as defined in IRC 6325(a).
```

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|------|------------|---------------|--------------|---------------------|--------------------|
| 1040 | 12/31/1992 | XXX-XX-6619 | 12/16/1996 | 01/15/2007 | 86256.24 |
| 1040 | 12/31/1994 | XXX-XX-6619 | 11/25/1996 | 12/25/2006 | 21408.10 |
| 1040 | 12/31/1995 | XXX-XX-6619 | 12/02/1996 | 01/01/2007 | 4890.42 |
| 6672 | 12/31/1992 | XXX-XX-6619 | 08/07/1996 | 09/06/2006 | 591592.40 |
| 6672 | 03/31/1993 | XXX-XX-6619 | 08/07/1996 | 09/06/2006 | 293021.28 |
| 6672 | 12/31/1993 | XXX-XX-6619 | 01/27/1997 | 02/26/2007 | 105238.03 |

```
------------------------------------------------------------------------------------
Filed at:    Registry of Deeds              |
             Northern Worcester County      Total | $   1102406.47
             Fitchburg, MA 01420            |
------------------------------------------------------------------------------------
This notice was prepared and executed at Boston, MA
on this, the 21st day of November, 1997.
------------------------------------------------------------------------------------
Authorizing Official:                       | Title:
    DAVE WILSON                             | REVENUE OFFICER          04-01-2159
                                            |
------------------------------------------------------------------------------------
```

3521 *** REFILED NOTICE ** REFILED NOTICE ***    COURT RECORDING DATA
--------------------------------------------------------------------------------
```
        INTERNAL REVENUE SERVICE          | Lien Recorded    : 05/10/2006 - 17:00PM
   FACSIMILE FEDERAL TAX LIEN DOCUMENT     | Recording Number: 01872WOO2453866
                                           | UCC Number       : IRS289526306
                                           | Liber            :
                                           | Page             :
```
-------------------------------------------+------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1      | Original IRS Serial No.: 49749585
Lien Unit Phone: (800) 913-6050            | Lien Recorded           : 11/24/1997
--------------------------------------------------------------------------------

                    This Lien Has Been Filed in Accordance with
                    Internal Revenue Regulation 301.6323(f)-1.

--------------------------------------------------------------------------------
Name of Taxpayer :
  HAROLD J WOODS


--------------------------------------------------------------------------------
Residence :
  60 TURKEY HILL RD
  LUNENBURG, MA 01462-1445


```
-------+----------+-------------+-----------+------------------+----------------
 Form  |  Period  |  ID Number  | Assessed  |  Refile Deadline |  Unpaid Balance
 (a)   |   (b)    |    (c)      |   (d)     |       (e)        |       (f)
-------+----------+-------------+-----------+------------------+----------------
 1040   12/31/1992  XXX-XX-6619   12/16/1996         N/A              80846.14
 1040   12/31/1994  XXX-XX-6619   11/25/1996         N/A              21418.10
 1040   12/31/1995  XXX-XX-6619   12/02/1996         N/A               4890.42
```


```
+-----------------------------------------------------------------------------+
|                 NOTICE OF FEDERAL TAX LIEN REFILING                          |
| Serial ID: 289526306                                    Refiled At: USDC     |
| New TP Name: SAME AS ABOVE                    New TIN: SAME AS ABOVE         |
| New Address :                                                               |
|   60 TURKEY HILL RD                                                         |
|   LUNENBURG, MA 01462-1445                                                  |
| Authorizing Official:                 DATE : 05/08/2006                     |
| RAI SHEPARDSON                        Title: SPF ADVISOR                    |
|                                              21-97-6946                     |
-------------------------------------------------------------------------------
Filed at:   U.S. District Court                    |
            USDC ELECTRONIC                         |      Total | $    107154.66
            Boston, MA 2210                         |
-------------------------------------------------------------------------------
```
This notice was prepared and executed at MANHATTAN, NY
on this, the 21st day of November, 1997.
--------------------------------------------------------------------------------
```
Authorizing Official:                  | Title:
   DAVE WILSON                         |     REVENUE OFFICER
                                       |        04-01-2159
```
--------------------------------------------------------------------------------

```
3521 *** REFILED NOTICE ** REFILED NOTICE ***     COURT RECORDING DATA
------------------------------------------------------------------------
        INTERNAL REVENUE SERVICE        | Lien Recorded   : 04/03/2007 - 09:44AM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT   | Recording Number: 6390
                                        | UCC Number   :
                                        | Liber        : 6422
                                        | Page         : 291
----------------------------------------+-------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1   | Original IRS Serial No.: 339266007
Lien Unit Phone: (800) 913-6050         | Lien Recorded      : 01/23/2007
------------------------------------------------------------------------
              This Lien Has Been Filed in Accordance with
              Internal Revenue Regulation 301.6323(f)-1.

------------------------------------------------------------------------
Name of Taxpayer :
  HAROLD J WOODS


------------------------------------------------------------------------
Residence :
  60 TURKEY HILL RD
  LUNENBURG, MA 01462-1445


-------+----------+------------+-----------+-----------------+---------------
 Form  |  Period  | ID Number  | Assessed  |  Refile Deadline | Unpaid Balance
 (a)   |   (b)    |    (c)     |    (d)    |       (e)        |      (f)
-------+----------+------------+-----------+-----------------+---------------
 6672   12/31/1992  XXX-XX-6619   02/09/1998       N/A            106611.00
 6672   03/31/1993  XXX-XX-6619   01/09/1998       N/A             38158.22
 6672   12/31/1993  XXX-XX-6619   01/09/1998       N/A             11204.62



 +--------------------------------------------------------------------+
 |               NOTICE OF FEDERAL TAX LIEN REFILING                  |
 | Serial ID: 353117707            Refiled At: Northern Worcester     |
 | New TP Name: SAME AS ABOVE         New TIN: SAME AS ABOVE          |
 | New Address :                                                      |
 |   60 TURKEY HILL RD                                                |
 |   LUNENBURG, MA 01462-1445                                         |
 | Authorizing Official:           DATE : 03/21/2007                 |
 | RAI SHEPARDSON                  Title: SPF ADVISOR               |
 |                                        21-97-6946                 |
 -------------------------------------------------------------------
Filed at:    Registry of Deeds                     |
             Northern Worcester County      Total | $    155973.84
             Fitchburg, MA 1420                    |
------------------------------------------------------------------------
This notice was prepared and executed at MANHATTAN, NY
on this, the 12th day of January, 2007.
------------------------------------------------------------------------
Authorizing Official:                   | Title:
       RAI SHEPARDSON                    |     SPF ADVISOR
                                         |       21-97-6946
------------------------------------------------------------------------
```

```
3521 *** REFILED NOTICE ** REFILED NOTICE ***    COURT RECORDING DATA
```

```
--------------------------------------------------------------------------
        INTERNAL REVENUE SERVICE      | Lien Recorded   : 06/08/2007 - 10:55AM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT | Recording Number: 11409
                                      | UCC Number      :
                                      | Liber           : 6483
                                      | Page            : 188
-------------------------------------+------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1 | Original IRS Serial No.: 339266007
Lien Unit Phone: (800) 913-6050       | Lien Recorded          : 01/23/2007
--------------------------------------------------------------------------
```

                    This Lien Has Been Filed in Accordance with
                       Internal Revenue Regulation 301.6323(f)-1.

```
--------------------------------------------------------------------------
```
Name of Taxpayer :
  HAROLD J WOODS


```
--------------------------------------------------------------------------
```
Residence :
  60 TURKEY HILL RD
  LUNENBURG, MA 01462-1445


| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 6672 | 12/31/1992 | XXX-XX-6619 | 01/09/1998 | N/A | 108921.81 |


```
+------------------------------------------------------------------------+
|                  NOTICE OF FEDERAL TAX LIEN REFILING                    |
| Serial ID: 367699107               Refiled At: Northern Worcester       |
| New TP Name: SAME AS ABOVE            New TIN: SAME AS ABOVE             |
| New Address :                                                           |
|   60 TURKEY HILL RD                                                      |
|   LUNENBURG, MA 01462-1445                                               |
| Authorizing Official:              DATE : 05/29/2007                     |
| RAI SHEPARDSON                     Title: SPF ADVISOR                    |
|                                           21-97-6946                     |
--------------------------------------------------------------------------
Filed at:    Registry of Deeds                   |
             Northern Worcester County    Total  | $    108921.81
             Fitchburg, MA 1420                   |
--------------------------------------------------------------------------
This notice was prepared and executed at MANHATTAN, NY
on this, the 12th day of January, 2007.
--------------------------------------------------------------------------
Authorizing Official:               | Title:
       RAI SHEPARDSON                |      SPF ADVISOR
                                     |        21-97-6946
--------------------------------------------------------------------------
```

```
3521                                                    COURT RECORDING DATA
------------------------------------------------+---------------------------------------
       INTERNAL REVENUE SERVICE                 | Lien Recorded   : 11/20/2001 - 15:38PM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT           | Recording Number:
                                                | UCC Number      :
                                                | Liber           : 3989
                                                | Page            : 62
------------------------------------------------+---------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1           | IRS Serial Number: 40197586
Lien Unit Phone: (800) 913-6050                 |
-------------------------------------------------------------------------------------------
                  This Lien Has Been Filed in Accordance with
                  Internal Revenue Regulation 301.6323(f)-1.


-------------------------------------------------------------------------------------------
Name of Taxpayer :
   TERRA REALTY TRUST,AS NOMINEE FOR, Nominee of
      HAROLD J WOODS


-------------------------------------------------------------------------------------------
Residence :
   171 LANCASTER AVE
   LUNENBURG, MA 01462-1445
-------------------------------------------------------------------------------------------
   With respect to each assessment below, unless notice of lien
   is refiled by the date in column(e), this notice shall constitute
   the certificate of release of lien as defined in IRC 6325(a).
```

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1992 | XXX-XX-6619 | 12/16/1996 | 01/15/2007 | 80846.14 |
| 1040 | 12/31/1994 | XXX-XX-6619 | 11/25/1996 | 12/25/2006 | 21408.10 |
| 1040 | 12/31/1995 | XXX-XX-6619 | 12/02/1996 | 01/01/2007 | 4890.42 |
| 1040 | 12/31/1996 | XXX-XX-6619 | 12/22/1997 | 01/21/2008 | 27648.27 |
| 6672 | 12/31/1992 | XXX-XX-6619 | 01/09/1998 | 02/08/2008 | 108921.81 |
| 6672 | 12/31/1992 | XXX-XX-6619 | 02/09/1998 | 03/10/2008 | 106611.00 |
| 6672 | 03/31/1993 | XXX-XX-6619 | 01/09/1998 | 02/08/2008 | 38158.22 |
| 6672 | 12/31/1993 | XXX-XX-6619 | 01/09/1998 | 02/08/2008 | 11204.62 |
| 6672 | 12/31/1995 | XXX-XX-6619 | 06/20/2001 | 07/20/2011 | 14439.75 |

```
-------------------------------------------------------------------------------------------
Filed at:   Registry of Deeds                                  |
            Northern Worcester County            Total | $      414128.33
            Fitchburg, MA 01420                                |
-------------------------------------------------------------------------------------------
This notice was prepared and executed at MANHATTAN, NY
on this, the 20th day of November, 2001.
-------------------------------------------------------------------------------------------
Authorizing Official:                    | Title:
     PATRICIA CASEY-ORTIZ 04-0           | REVENUE OFFICER              04-01-2379
                                         |
-------------------------------------------------------------------------------------------
```

```
3521 *** REFILED NOTICE ** REFILED NOTICE ***    COURT RECORDING DATA
```

```
-----------------------------------------------------------------------
          INTERNAL REVENUE SERVICE        | Lien Recorded   : 07/11/2006 - 10:53AM
    FACSIMILE FEDERAL TAX LIEN DOCUMENT   | Recording Number: 15535
                                          | UCC Number    :
                                          | Liber         : 6172
                                          | Page          : 349
-------------------------------------------+---------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1     | Original IRS Serial No.: 40197586
Lien Unit Phone: (800) 913-6050           | Lien Recorded          : 11/20/2001
-----------------------------------------------------------------------
```

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

```
-----------------------------------------------------------------------
Name of Taxpayer :
   TERRA REALTY TRUST,AS NOMINEE FOR, Nominee of
     HAROLD J WOODS
```

```
-----------------------------------------------------------------------
Residence :
   171 LANCASTER AVE
   LUNENBURG, MA 01462-1445
```

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1992 | XXX-XX-6619 | 12/16/1996 | N/A | 80846.14 |
| 1040 | 12/31/1994 | XXX-XX-6619 | 11/25/1996 | N/A | 21438.10 |
| 1040 | 12/31/1995 | XXX-XX-6619 | 12/02/1996 | N/A | 4890.42 |

```
+---------------------------------------------------------------------+
|              NOTICE OF FEDERAL TAX LIEN REFILING                    |
| Serial ID: 300518706                 Refiled At: Northern Worcester |
| New TP Name: SAME AS ABOVE                 New TIN: SAME AS ABOVE   |
| New Address :                                                       |
|   171 LANCASTER AVE                                                 |
|   LUNENBURG, MA 01462-1445                                          |
| Authorizing Official:           DATE : 06/30/2006                  |
| RAI SHEPARDSON                  Title: SPF ADVISOR                 |
|                                        21-97-6946                   |
-----------------------------------------------------------------------
Filed at:    Registry of Deeds                        |
             Northern Worcester County      Total | $    107174.66
             Fitchburg, MA 1420                       |
-----------------------------------------------------------------------
This notice was prepared and executed at MANHATTAN, NY
on this, the 20th day of November, 2001.
-----------------------------------------------------------------------
Authorizing Official:              | Title:
     PATRICIA CASEY-ORTIZ 04-0     |     REVENUE OFFICER
                                   |        04-01-2379
-----------------------------------------------------------------------
```

3521 *** REFILED NOTICE ** REFILED NOTICE ***    COURT RECORDING DATA

```
-------------------------------------------------------------------
      INTERNAL REVENUE SERVICE        | Lien Recorded    : 04/03/2007 - 09:44AM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT | Recording Number: 6389
                                      | UCC Number    :
                                      | Liber         : 6422
                                      | Page          : 290
-------------------------------------------+-----------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1 | Original IRS Serial No.: 40197586
Lien Unit Phone: (800) 913-6050       | Lien Recorded         : 11/20/2001
-------------------------------------------------------------------
```

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

```
-------------------------------------------------------------------
Name of Taxpayer :
  TERRA REALTY TRUST,AS NOMINEE FOR, Nominee of
    HAROLD J WOODS


-------------------------------------------------------------------
Residence :
  171 LANCASTER AVE
  LUNENBURG, MA 01462-1445
```

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|------|-----------|------------|-----------|------------------|-----------------|
| 1040 | 12/31/1996 | XXX-XX-6619 | 12/22/1997 | N/A | 27648.27 |
| 6672 | 12/31/1992 | XXX-XX-6619 | 01/09/1998 | N/A | 108921.81 |
| 6672 | 12/31/1992 | XXX-XX-6619 | 02/09/1998 | N/A | 106611.00 |
| 6672 | 03/31/1993 | XXX-XX-6619 | 01/09/1998 | N/A | 38158.22 |
| 6672 | 12/31/1993 | XXX-XX-6619 | 01/09/1998 | N/A | 11204.62 |

```
+-----------------------------------------------------------------+
|            NOTICE OF FEDERAL TAX LIEN REFILING                  |
| Serial ID: 353117407              Refiled At: Northern Worcester |
| New TP Name: SAME AS ABOVE              New TIN: SAME AS ABOVE   |
| New Address :                                                   |
|   171 LANCASTER AVE                                             |
|   LUNENBURG, MA 01462-1445                                      |
| Authorizing Official:            DATE : 03/21/2007              |
| RAI SHEPARDSON                   Title: SPF ADVISOR             |
|                                         21-97-6946              |
-------------------------------------------------------------------
Filed at:   Registry of Deeds
            Northern Worcester County          Total | $    292543.92
            Fitchburg, MA 1420                       |
-------------------------------------------------------------------
This notice was prepared and executed at MANHATTAN, NY
on this, the 20th day of November, 2001.
-------------------------------------------------------------------
Authorizing Official:             | Title:
      PATRICIA CASEY-ORTIZ 04-0    |     REVENUE OFFICER
                                   |        04-01-2379
-------------------------------------------------------------------
```

Case 4:05-cv-40017-FDS      Document 28-11      Filed 06/16/2008      Page 1 of 16

CLOSED

## United States District Court
## District of Massachusetts (Worcester)
## CIVIL DOCKET FOR CASE #: 4:93-cv-40093-NMG



Secretary of Labor v. Woods
Assigned to: Judge Nathaniel M. Gorton
Demand: $0
Cause: Administrative Subpoena

Date Filed: 05/19/1993
Date Terminated: 01/23/1995
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**Secretary of Labor of the United States**           represented by  **Susan Goldstein Salzberg**
US Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
617-565-2500
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Harold Woods**
*doing business as*
Alternative Staffing           represented by  **Edward DeFranceschi**
Edward DeFranceschi Law Offices
Six Beacon Street
Boston, MA 02108
617-723-6068
Fax: 617-723-4640
Email: taxlaw@gis.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/19/1993 | 1 | Motion by Secretary of Labor to enforce adiminstrative subpoena duces tecum , filed. (bah) (Entered: 05/19/1993) |
| 05/19/1993 | 2 | Memorandum by Secretary of Labor in support of [1-1] motion to enforce adiminstrative subpoena duces tecum, filed. (bah) (Entered: 05/19/1993) |
| 05/19/1993 | 3 | Declaration of Joseph Dijulia by Secretary of Labor Re: [1-1] motion to enforce adiminstrative subpoena duces tecum, filed. (bah) (Entered: 05/19/1993) |
|  |  |  |

| 05/19/1993 | 4 | Certificate of service by Secretary of Labor (bah) (Entered: 05/19/1993) |
| 07/30/1993 | | Judge Nathaniel M. Gorton. Endorsed Order granting [1-1] motion to enforce adminstrative subpoena duces tecum, ENTERED, cc:cl. "Motion allowed; the defendant is ordered to comply with the subpoena." (bah) Modified on 08/12/1993 (Entered: 07/30/1993) |
| 01/23/1995 | | Case closed. (fmr) (Entered: 01/23/1995) |

| PACER Service Center | | |
| --- | --- | --- |
| Transaction Receipt | | |
| 06/12/2008 16:32:13 | | |
| PACER Login: | dj0039 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:93-cv-40093-NMG |
| Billable Pages: | 1 | Cost: | 0.08 |

Case 4:05-cv-40017-FDS    Document 28-11    Filed 06/16/2008    Page 3 of 16

CLOSED

# United States District Court
## District of Massachusetts (Worcester)
## CIVIL DOCKET FOR CASE #: 4:94-cv-40066-NMG

Reich v. Baystate Alternative, et al
Assigned to: Judge Nathaniel M. Gorton
Demand: $0
related Case: 4:97-cv-40012-NMG
Cause: 15:2(a) Fair Labor Standards Act

Date Filed: 05/09/1994
Date Terminated: 06/28/1999
Jury Demand: None
Nature of Suit: 710 Labor: Fair
Standards
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**Robert B. Reich**
*Secretary of Labor, United States
Department of Labor*

represented by **Albert H. Ross**
US Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
617-565-2500
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Casler**
US Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
617-565-2500
Fax: 617-565-2142
Email: casler.john@dol.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan Goldstein Salzberg**
US Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
617-565-2500
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

Case 4:05-cv-40017-FDS    Document 28-11    Filed 06/16/2008    Page 4 of 16

**Defendant**

| | | |
|---|---|---|
| **Baystate Alternative**<br>*Baystate Alternative Staffing, Inc.* | represented by | **Edward DeFranceschi**<br>Edward DeFranceschi Law Offices<br>Six Beacon Street<br>Boston, MA 02108<br>617-723-6068<br>Fax: 617-723-4640<br>Email: taxlaw@gis.net<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Able Temps Referrals**<br>*Able Temps Referrals, Inc.* | represented by | **Edward DeFranceschi**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Ann F. Woods** | represented by | **Edward DeFranceschi**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Harold Woods**<br>*doing business as*<br>Alternative Staffing | represented by | **Edward DeFranceschi**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Marlene Woods**
*doing business as*
Alternative Staffing

**Defendant**

**Bill Woods**
*doing business as*
Alternative Staffing

| Date Filed | # | Docket Text |
|---|---|---|
| 05/09/1994 | 1 | Complaint filed. (bah) (Entered: 05/09/1994) |
| 05/09/1994 | | Summonses, 4.1 and MCF Form issued for Baystate Alternative, Able Temps Referrals, Ann F. Woods and Harold Woods. (bah) (Entered: 05/09/1994) |
| 05/16/1994 | 2 | Letter by Susan G. Saltzberg on behalf of Robert B. Reich dated May 13, 1994 to Deborah Shattuck re: civil cover sheet, filed. (bah) (Entered: 05/16/1994) |
| | | |

Case 4:05-cv-40017-FDS   Document 28-11   Filed 06/16/2008   Page 5 of 16

| 05/16/1994 | 3 | Notice of Change of Attorney of Record for Robert B. Reich by John S. Casler, filed, c/s. (Atty. John S. Casler is substituted for Atty. Constance Franklin.) (bah) (Entered: 05/16/1994) |
|---|---|---|
| 06/08/1994 | 4 | Waiver of service returned executed as to Baystate Alternative, Able Temps Referrals, Ann F. Woods, and Harold Woods. Mailed on 5/13/94; Answer due on 7/12/94 for Harold Woods, Ann F. Woods, Able Temps Referrals, and Baystate Alternative (bah) (Entered: 06/08/1994) |
| 07/12/1994 | 5 | Assented to motion by Baystate Alternative, Able Temps Referrals, Ann F. Woods, and Harold Woods to extend time until July 29, 1994 to answer complaint , filed, c/s. (bah) (Entered: 07/12/1994) |
| 07/12/1994 |  | Judge Nathaniel M. Gorton. Endorsed Order granting [5-1] motion to extend time until July 29, 1994 to answer complaint, ENTERED, cc:cl. "Motion allowed." reset answer due for 7/29/94 for Harold Woods, Ann F. Woods, Able Temps Referrals and Baystate Alternative . (bah) (Entered: 07/12/1994) |
| 07/29/1994 | 6 | Motion by Baystate Alternative, Able Temps Referrals, Ann F. Woods and Harold Woods to dismiss Ann F. Woods and Harold Woods as defendants pursuant to FRCP 19 and for Alternative Staffing to intervene pursuant to FRCP 24 , filed, c/s. (bah) (Entered: 07/29/1994) |
| 07/29/1994 | 7 | Memorandum by Baystate Alternative, Able Temps Referrals, Ann F. Woods, and Harold Woods in support of [6-1] motion to dismiss Ann F. Woods and Harold Woods as defendants pursuant to FRCP 19 and for Alternative Staffing to intervene pursuant to FRCP 24, filed, c/s. (bah) (Entered: 07/29/1994) |
| 07/29/1994 | 8 | Answer by Baystate Alternative, Able Temps Referrals, Ann F. Woods and Harold Woods to complaint, filed, c/s. (bah) (Entered: 07/29/1994) |
| 07/29/1994 | 9 | Affidavit of Harold Woods in support of [6-1] motion to dismiss Ann F. Woods and Harold Woods as defendants pursuant to FRCP 19 and for Alternative Staffing to intervene pursuant to FRCP 24, filed, c/s. (bah) (Entered: 07/29/1994) |
| 08/04/1994 | 10 | Response by Robert B. Reich in opposition to [6-1] motion to dismiss Ann F. Woods and Harold Woods as defendants pursuant to FRCP 19 and for Alternative Staffing to intervene pursuant to FRCP 24, filed, c/s. (bah) (Entered: 08/04/1994) |
| 09/22/1994 | 11 | Judge Nathaniel M. Gorton. Civil Order of Reference entered referring [6-1] motion to dismiss Ann F. Woods and Harold Woods as defendants pursuant to FRCP 19 and for Alternative Staffing to intervene pursuant to FRCP 24 to Mag/Judge C. B. Swartwood III. (bah) (Entered: 09/22/1994) |
| 02/16/1995 | 12 | Motion by Robert B. Reich to amend [1-1] complaint , filed. c/s (fmr) (Entered: 02/16/1995) |
| 02/16/1995 | 13 | Memorandum of reasons by Robert B. Reich in support of [12-1] motion to amend [1-1] complaint, filed. c/s (fmr) (Entered: 02/16/1995) |
| 02/16/1995 | 14 | Affidavit by Patricia Colarossi, re: [12-1] motion to amend [1-1] complaint, filed. c/s (fmr) (Entered: 02/16/1995) |

| 02/16/1995 | 15 | Rule 15.1 Certification filed by Robert B. Reich. (fmr) (Entered: 02/16/1995) |
| 02/27/1995 | 16 | Judge Nathaniel M. Gorton. Civil Order of Reference entered, referring [12-1] motion to amend [1-1] complaint to Mag. Judge C. B. Swartwood III. (dfs) (Entered: 02/27/1995) |
| 03/07/1995 | 19 | Amended complaint by Robert B. Reich filed. (Answer due 3/17/95 for Harold Woods, for Ann F. Woods, for Able Temps Referrals, for Baystate Alternative) . Amended complaint amends [1-1] complaint; adding Marlene Woods, Bill Woods. (fmr) (Entered: 04/19/1995) |
| 03/07/1995 | 17 | Mag. Judge C. B. Swartwood III. Order entered granting [12-1] motion to amend [1-1] complaint. "...The proposed additional party defendants have had notice that there was a reasonable likelihood that they would be joined as Defendants and no resulting prejudice will result to the non-moving party if the amendment is allowed. For the foregoing resons, PLaintiff's motion should be allowed..." cc:cl (fmr) (Entered: 03/16/1995) |
| 03/16/1995 | | Motion(s) no longer referred: [12-1] motion to amend [1-1] complaint. (fmr) (Entered: 03/16/1995) |
| 03/17/1995 | 18 | Answer by Baystate Alternative, Able Temps Referrals, Ann F. Woods, Harold Woods to amended complaint, filed. c/s (fmr) (Entered: 03/17/1995) |
| 04/20/1995 | 20 | Motion by Robert B. Reich for partial summary judgment , filed. c/s (fmr) (Entered: 04/20/1995) |
| 04/20/1995 | 21 | Memorandum by Robert B. Reich in support of [20-1] motion for partial summary judgment, filed. (fmr) (Entered: 04/20/1995) |
| 04/25/1995 | 22 | Judge Nathaniel M. Gorton. Civil Order of Reference entered, referring [20-1] motion for partial summary judgment to Mag. Judge C. B. Swartwood III. (fmr) (Entered: 04/25/1995) |
| 05/08/1995 | 23 | Joint stipulation by Robert B. Reich, Baystate Alternative, Able Temps Referrals, Ann F. Woods, Harold Woods, Marlene Woods, Bill Woods for extension of time for defendants to file opposition to plaintiff's motion for partial summary judgment, filed. (fmr) (Entered: 05/08/1995) |
| 05/10/1995 | | Judge Nathaniel M. Gorton. Endorsed Order entered granting [23-1] stipulation. "Motion allowed." cc:cl (fmr) (Entered: 05/11/1995) |
| 05/24/1995 | 24 | Motion by Robert B. Reich to amend exhibit A of complaint , filed. c/s (fmr) (Entered: 05/24/1995) |
| 05/24/1995 | 25 | Memorandum of reasons by Robert B. Reich in support of [24-1] motion to amend exhibit A of complaint, filed. (fmr) (Entered: 05/24/1995) |
| 05/30/1995 | 26 | Reply by Baystate Alternative, Able Temps Referrals, Ann F. Woods, Harold Woods, Marlene Woods, Bill Woods in opposition to [20-1] motion for partial summary judgment, filed. c/s (fmr) (Entered: 05/30/1995) |
| 05/30/1995 | 27 | Memorandum by Baystate Alternative, Able Temps Referrals, Ann F. Woods, Harold Woods, Marlene Woods, Bill Woods in support of [26-1] opposition response, filed. (fmr) (Entered: 05/30/1995) |

| 05/30/1995 | 28 | Affidavit of Bill Woods, re: [26-1] opposition response, filed. (fmr) (Entered: 05/30/1995) |
|---|---|---|
| 06/01/1995 | 29 | Judge Nathaniel M. Gorton. Civil Order of Reference entered, referring [24-1] motion to amend exhibit A of complaint to Mag. Judge C. B. Swartwood III. (fmr) (Entered: 06/01/1995) |
| 07/27/1995 | | Mag. Judge C. B. Swartwood III . Endorsed Order entered granting [24-1] motion to amend exhibit A of complaint . (fmr) (Entered: 07/27/1995) |
| 07/27/1995 | 30 | Mag. Judge C. B. Swartwood III . Notice of Hearing/conference: Motion hearing set for 10:00 8/23/95 for [20-1] motion for partial summary judgment . (fmr) (Entered: 07/27/1995) |
| 08/23/1995 | | Motion hearing re: [20-1] motion for partial summary judgment Motion hearing held (fmr) (Entered: 08/23/1995) |
| 08/23/1995 | 31 | Mag. Judge C. B. Swartwood III. Clerk's Notes: re: motion hearing. Motion hearing held. Defendant waived motion to dismiss (docket #6) without prejudice. Motion for summary judgment heard. Matters taken under advisement. (fmr) (Entered: 08/23/1995) |
| 08/23/1995 | | Terminated document withdrawing [6-1] motion to dismiss Ann F. Woods and Harold Woods as defendants pursuant to FRCP 19 and for Alternative Staffing to intervene pursuant to FRCP 24. Withdrawn in open court on 8/23/95. (fmr) (Entered: 08/23/1995) |
| 12/15/1995 | 32 | Report and Recommendations by Mag. Judge C. B. Swartwood III re: [20-1] motion for partial summary judgment entered; Magistrate's Recommendation: DENIED . Objection to R and R due by 12/25/95 . Motion no longer referred: [20-1] motion for partial summary judgment . (fmr) (Entered: 12/15/1995) |
| 01/18/1996 | | Judge Nathaniel M. Gorton. Endorsed Order entered on Report and Recommendation. Recommendation accepted and adopted; denying [20-1] motion for partial summary judgment. "Report and Recommendation accepted and adopted." cc:cl (fmr) (Entered: 01/19/1996) |
| 02/15/1996 | 33 | Judge Nathaniel M. Gorton. Civil Order of Reference entered. Case referred to Mag. Judge C. B. Swartwood III for status conference. (fmr) (Entered: 02/15/1996) |
| 02/21/1996 | 34 | Mag. Judge C. B. Swartwood III . Notice of Hearing/conference: set status conference for 3:40 3/6/96 before Mag. Judge C. B. Swartwood III . (fmr) (Entered: 02/21/1996) |
| 03/06/1996 | | Status conference held. (fmr) (Entered: 03/13/1996) |
| 03/06/1996 | 36 | Mag. Judge C. B. Swartwood III. Clerk's Notes: re: status conference Court Reporter: tape. Status conference held. Counsel indicated that a collateral proceeding involving a number of issues in this case had been tried to administrative law judge. counsel expect decision within 3-4 months. Counsel will inform court within 30 days after ALJ decision is issued as to status of case. (fmr) (Entered: 03/13/1996) |

| 03/07/1996 | 35 | Mag. Judge C. B. Swartwood III. Status Report issued by Magistrate. "...Therefore, I have instructed the parties to inform this Court within thirty days following the ALJ's decision as to the then status of this case and whether or not a trial in this matter should thereafter be scheduled." cc:cl (fmr) (Entered: 03/07/1996) |
| --- | --- | --- |
| 03/11/1996 | | CASE NO LONGER REFERRED TO Mag. Judge C. B. Swartwood III. (fmr) (Entered: 03/11/1996) |
| 07/02/1996 | 38 | Letter by Susan G. Salzberg dated: 6/26/96 to: M.J. Swartwood re: decision in collateral proceeding filed. (includes decision) (fmr) (Entered: 07/08/1996) |
| 07/03/1996 | 37 | Mag. Judge C. B. Swartwood III . Updated Status Report issued by Magistrate Judge. (fmr) (Entered: 07/08/1996) |
| 08/29/1996 | 39 | Motion by Robert B. Reich for order compelling discovery , filed. c/s. (fmr) (Entered: 08/29/1996) |
| 09/17/1996 | 40 | Judge Nathaniel M. Gorton. Civil Order of Reference entered, referring [39-1] motion for order compelling discovery to Mag. Judge C. B. Swartwood III. (fmr) (Entered: 09/17/1996) |
| 09/19/1996 | 41 | Letter by Edward DeFranceschi dated: September 18, 1996 to: Deborah Shattuck re: returned document filed. (fmr) (Entered: 09/19/1996) |
| 09/19/1996 | 42 | Reply by Baystate Alternative, Able Temps Referrals, Ann F. Woods, Harold Woods, Marlene Woods, Bill Woods to [39-1] motion for order compelling discovery, filed. c/s. (fmr) (Entered: 09/19/1996) |
| 01/08/1997 | 43 | Letter dated: 1/7/97 from U.S. Dept. of Labor to: MJ Swartwood re: status of case. filed. (fmr) (Entered: 01/10/1997) |
| 01/30/1997 | 44 | Mag. Judge C. B. Swartwood III . Order entered granting [39-1] motion for order compelling discovery consistent with this order in 4:94-cv-40066. cc/cl (fmr) (Entered: 01/31/1997) |
| 01/31/1997 | | Motion(s) no longer referred: [39-1] motion for order compelling discovery . File ret'd. to DJ. (fmr) (Entered: 01/31/1997) |
| 03/12/1997 | 45 | Second Request (non motion) for production of documents filed. c/s. (cjn) (Entered: 03/12/1997) |
| 08/08/1997 | 46 | Judge Nathaniel M. Gorton. Procedural Order entered re: Pretrial/Trial; Pretrial Conference set for 3:00 9/16/97. (fmr) (Entered: 08/13/1997) |
| 08/21/1997 | 47 | Motion by Robert B. Reich in 4:94-cv-40066 to include 97-40012 at 9/16/97 pre-trial conference , filed. c/s (cjn) (Entered: 08/21/1997) |
| 08/21/1997 | 48 | Memorandum by Robert B. Reich in 4:94-cv-40066 in support of [47-1] motion to include 97-40012 at 9/16/97 pre-trial conference , filed. c/s. (cjn) (Entered: 08/21/1997) |
| 09/04/1997 | 49 | Judge Nathaniel M. Gorton . Notice of Hearing/conference: set status conference for 2:00 10/16/97 , reset pretrial conference for 2:00 10/16/97 . cc/cl. (cjn) (Entered: 09/04/1997) |

Case 4:05-cv-40017-FDS    Document 28-11    Filed 06/16/2008    Page 9 of 16

| 09/04/1997 | | Judge Nathaniel M. Gorton . Endorsed Order entered granting [47-1] motion to include 97-40012 at 9/16/97 pre-trial conference . cc/cl. (cjn) (Entered: 09/04/1997) |
|---|---|---|
| 09/08/1997 | 50 | Status report by Robert B. Reich in 4:94-cv-40066, filed. c/s. (cjn) (Entered: 09/08/1997) |
| 09/10/1997 | 51 | Motion by Dept. of Labor in 4:97-cv-40012, Robert B. Reich in 4:94-cv-40066 to continue status-pretrial conference , filed. c/s (cjn) (Entered: 09/10/1997) |
| 09/11/1997 | | Judge Nathaniel M. Gorton . Endorsed Order entered granting [51-1] motion to continue status-pretrial conference, reset status conference for reset to 2:00 10/21/97 . cc/cl. (cjn) (Entered: 09/11/1997) |
| 10/15/1997 | 52 | Status report by Baystate Alternative in 4:94-cv-40066, Able Temps Referrals in 4:94-cv-40066, Ann F. Woods in 4:94-cv-40066, Harold Woods in 4:94-cv-40066, Marlene Woods in 4:94-cv-40066, Bill Woods in 4:94-cv-40066, Robert B. Reich in 4:97-cv-40012, Dept. of Labor in 4:97-cv-40012, Secretary of Labor in 4:97-cv-40012 , filed. c/s (cjn) (Entered: 10/15/1997) |
| 10/21/1997 | 53 | Judge Nathaniel M. Gorton . Clerk's Notes: re: status/pretrial conference Court Reporter: C. Dahlstrom Counsel appear for status/pretrial conference. After argument on cross motions for s/j on C.A. 97-40012, matter taken under advisement. Further conference to be scheduled after rulings on cross motions. (dfs) (Entered: 11/03/1997) |
| 02/26/1998 | 54 | Judge Nathaniel M. Gorton . Notice of Hearing/conference: set status conference for 10:00 3/10/98 . cc/cl. (cjn) (Entered: 02/26/1998) |
| 03/10/1998 | | Status conference held . (mqc) (Entered: 03/10/1998) |
| 03/10/1998 | 55 | Judge Nathaniel M. Gorton . Clerk's Notes: re: status conference, Related case 97-40012 is on appeal and should be resolved sometime during the summer of 98; set further status conference for 3:00 10/14/98 before Judge Nathaniel M. Gorton (mqc) (Entered: 03/10/1998) |
| 10/14/1998 | 56 | Joint motion by Robert B. Reich in 4:94-cv-40066, Baystate Alternative in 4:94-cv-40066 to continue status conference filed. (dfs) (Entered: 10/27/1998) |
| 10/14/1998 | | Judge Nathaniel M. Gorton. Endorsed Order entered granting [56-1] joint motion to continue status conference, reset status conference for reset to shortly after decision of the First Circuit in 98-1084 . "Motion allowed." cc/cl. (dfs) (Entered: 10/27/1998) |
| 10/22/1998 | 57 | Letter by Susan G. Salzberg in 4:94-cv-40066 dated: 10/20/98 to: Clerk re: signature page filed. (dfs) (Entered: 11/02/1998) |
| 01/11/1999 | 58 | Letter by John S. Casler in 4:94-cv-40066 dated: 1/8/99 to: Clerk re: status conference filed. (mqc) (Entered: 01/26/1999) |
| 01/12/1999 | 59 | Letter by Edward DeFranceschi in 4:94-cv-40066 dated: 1/12/99 to: Clerk re: status conference filed. (mqc) (Entered: 01/26/1999) |
| 01/26/1999 | 60 | Judge Nathaniel M. Gorton . Notice of Hearing/conference: set status conference for 3:30 2/23/99 before Judge Nathaniel M. Gorton . Joint statement |

| | | due 2/18/99. (cc/cl) (mqc) (Entered: 01/28/1999) |
|---|---|---|
| 02/12/1999 | 61 | Joint status report by Robert B. Reich, Baystate Alternative, Able Temps Referrals, Ann F. Woods, Harold Woods, Marlene Woods, and Bill Woods, filed. c/s (fmr) (Entered: 02/16/1999) |
| 02/23/1999 | | Status conference held. (fmr) (Entered: 02/24/1999) |
| 02/23/1999 | 62 | Judge Nathaniel M. Gorton. Clerk's Notes: re: status conference, set dispositive motion filing deadline for 6/15/99 , set bench trial for 9:00 am on 8/9/99 in Boston . Case called. Counsel appear for Status Conference; parties request case be stayed pending outcome of related case (97-40012); bench trial set for 8/9/99 in Boston; dispositive motions due by 6/15/99, proposed findings of fact due 8/2/99. Court Reporter: none. (fmr) (Entered: 02/24/1999) |
| 05/11/1999 | 63 | Statement of Undisputed Facts by Robert B. Reich in 4:94-cv-40066, filed. (fmr) (Entered: 05/13/1999) |
| 05/11/1999 | 64 | Motion by Robert B. Reich in 4:94-cv-40066 for partial summary judgment as to status of defendant Harold Woods as an "employer" , filed. c/s (fmr) (Entered: 05/13/1999) |
| 05/11/1999 | 65 | Memorandum by Robert B. Reich in 4:94-cv-40066 in support of [64-1] motion for partial summary judgment as to status of defendant Harold Woods as an "employer", filed. c/s (fmr) (Entered: 05/13/1999) |
| 05/20/1999 | 66 | Motion by Baystate Alternative in 4:94-cv-40066, Able Temps Referrals in 4:94-cv-40066, Ann F. Woods in 4:94-cv-40066, Harold Woods in 4:94-cv-40066, Marlene Woods in 4:94-cv-40066, Bill Woods in 4:94-cv-40066 to extend time to 6/29/99 to file opposition to [64-1] motion for partial summary judgment , filed. c/s (fmr) (Entered: 05/20/1999) |
| 05/20/1999 | | Judge Nathaniel M. Gorton. Endorsed Order entered granting [66-1] motion to extend time to 6/29/99 to file opposition to [64-1] motion for partial summary judgment. Motion ALLOWED. (cc/cl) (fmr) (Entered: 05/21/1999) |
| 06/23/1999 | 67 | Judge Nathaniel M. Gorton. Judgment entered. [EOD Date 6/28/99] (cc/cl) (fmr) (Entered: 06/28/1999) |
| 06/28/1999 | | Case closed. (fmr) (Entered: 06/28/1999) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/12/2008 16:33:17 | | |
| **PACER Login:** dj0039 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 4:94-cv-40066-NMG |
| **Billable Pages:** 5 | **Cost:** | 0.40 |

CLOSED

# United States District Court
## District of Massachusetts (Worcester)
## CIVIL DOCKET FOR CASE #: 4:97-cv-40012-NMG

Bay State Altern, et al v. Robert Reich, et al
Assigned to: Judge Nathaniel M. Gorton
Demand: $0
related Case: 4:94-cv-40066-NMG
Case in other court: 98-01084
Cause: JS 44 Sec. IV - no matching citation currently in database

Date Filed: 01/28/1997
Date Terminated: 10/27/1997
Jury Demand: Defendant
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Bay State Altern**
*Bay State Alternative Staffing, Inc.*

represented by **Edward DeFranceschi**
Edward DeFranceschi Law Offices
Six Beacon Street
Boston, MA 02108
617-723-6068
Fax: 617-723-4640
Email: taxlaw@gis.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Able Temps Referrals, Inc.**

represented by **Edward DeFranceschi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Harold Woods**

represented by **Edward DeFranceschi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William W. Woods**

represented by **Edward DeFranceschi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marlene Woods**

represented by **Edward DeFranceschi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**V.**

**Defendant**

**Robert B. Reich**

**Defendant**

**Labor, Sec of**

**Defendant**

**Secretary of Labor of the United States**    represented by    **John S. Casler**
US Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
617-565-2500
Fax: 617-565-2142
Email: casler.john@dol.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan Goldstein Salzberg**
US Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
617-565-2500
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Secretary of Labor of the United States**    represented by    **John S. Casler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan Goldstein Salzberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**V.**

**Counter Defendant**

**Bay State Altern**    represented by    **Edward DeFranceschi**
(See above for address)
*LEAD ATTORNEY*

Case 4:05-cv-40017-FDS    Document 28-11    Filed 06/16/2008    Page 13 of 16

ATTORNEY TO BE NOTICED

**Counter Defendant**

**Able Temps Referrals, Inc.**          represented by **Edward DeFranceschi**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Harold Woods**                         represented by **Edward DeFranceschi**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**William W. Woods**                     represented by **Edward DeFranceschi**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Marlene Woods**                        represented by **Edward DeFranceschi**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/28/1997 | 1 | Complaint filed. Case assigned to Judge: Gorton. Receipt #: 402008 Amount:$ 150.00. Fee Status: pd (cjn) (Entered: 01/28/1997) |
| 01/28/1997 | | Summons issued for Robert B. Reich in 4:97-cv-40012, Dept. of Labor in 4:97-cv-40012, Secretary of Labor in 4:97-cv-40012 (cjn) (Entered: 01/28/1997) |
| 01/30/1997 | 2 | Mag. Judge C. B. Swartwood III . Order entered granting [39-1] motion for order compelling discovery consistent with this order in 4:94-cv-40066. cc/cl (fmr) (Entered: 01/31/1997) |
| 03/21/1997 | 3 | Answer to complaint; jury demand and Counterclaim by Secretary of Labor in 4:97-cv-40012 against Bay State Altern in 4:97-cv-40012, Able Temps in 4:97-cv-40012, Harold Woods in 4:97-cv-40012, William W. Woods in 4:97-cv-40012, Marlene Woods in 4:97-cv-40012 , filed. (cjn) (Entered: 03/21/1997) |
| 03/21/1997 | 4 | Motion by Secretary of Labor in 4:97-cv-40012 for summary judgment , filed. c/s. (cjn) (Entered: 03/21/1997) |
| 03/21/1997 | 5 | Memorandum by Secretary of Labor in 4:97-cv-40012 in support of [4-1] motion for summary judgment , filed. c/s. (cjn) (Entered: 03/21/1997) |
| 03/21/1997 | 6 | Statement of Facts by Secretary of Labor in 4:97-cv-40012 re: [4-1] motion for summary judgment , filed. c/s. (cjn) (Entered: 03/21/1997) |

| 04/11/1997 | 7 | Joint motion by Bay State Altern in 4:97-cv-40012, Able Temps in 4:97-cv-40012, Harold Woods in 4:97-cv-40012, William W. Woods in 4:97-cv-40012, Marlene Woods in 4:97-cv-40012, Robert B. Reich in 4:97-cv-40012, Dept. of Labor in 4:97-cv-40012, Secretary of Labor in 4:97-cv-40012 to extend time to 4/18/97 for plaintiff to file opposition to defendants motion for summary judgment , filed. c/s. (cjn) (Entered: 04/11/1997) |
| --- | --- | --- |
| 04/18/1997 | 9 | Statement of Facts by Bay State Altern in 4:97-cv-40012, Able Temps in 4:97-cv-40012, Harold Woods in 4:97-cv-40012, William W. Woods in 4:97-cv-40012, Marlene Woods in 4:97-cv-40012 re: [8-1] opposition memorandum , filed. c/s (cjn) (Entered: 04/18/1997) |
| 04/18/1997 | 10 | Memorandum of law by Bay State Altern in 4:97-cv-40012, Able Temps in 4:97-cv-40012, Harold Woods in 4:97-cv-40012, William W. Woods in 4:97-cv-40012, Marlene Woods in 4:97-cv-40012 in support of [8-1] opposition memorandum , filed. c/s. (cjn) (Entered: 04/18/1997) |
| 04/18/1997 | 8 | Objection by Bay State Altern in 4:97-cv-40012, Able Temps in 4:97-cv-40012, Harold Woods in 4:97-cv-40012, William W. Woods in 4:97-cv-40012, Marlene Woods in 4:97-cv-40012 re: [4-1] motion for summary judgment , filed. c/s. (cjn) (Entered: 09/15/1997) |
| 04/18/1997 | 8 | Cross motion by Bay State Altern in 4:97-cv-40012, Able Temps in 4:97-cv-40012, Harold Woods in 4:97-cv-40012, William W. Woods in 4:97-cv-40012, Marlene Woods in 4:97-cv-40012 for summary judgment , filed. c/s (cjn) (Entered: 09/15/1997) |
| 05/02/1997 | 12 | Statement of Facts by Robert B. Reich in 4:97-cv-40012, Dept. of Labor in 4:97-cv-40012, Secretary of Labor in 4:97-cv-40012 re: [11-1] miscellaneous , filed. c/s. (cjn) (Entered: 05/05/1997) |
| 05/02/1997 | 11 | Objection by Robert B. Reich in 4:97-cv-40012, Dept. of Labor in 4:97-cv-40012, Secretary of Labor in 4:97-cv-40012 re: [8-1] cross motion for summary judgment , filed. c/s (cjn) (Entered: 09/15/1997) |
| 09/04/1997 | 13 | Judge Nathaniel M. Gorton . Procedural Order entered re: Pretrial/Trial; Pretrial Conference set for 2:00 10/16/97. cc/cl. (cjn) (Entered: 09/04/1997) |
| 09/10/1997 | 14 | Motion by Dept. of Labor in 4:97-cv-40012, Robert B. Reich in 4:94-cv-40066 to continue status-pretrial conference , filed. c/s (cjn) (Entered: 09/10/1997) |
| 09/11/1997 | | Judge Nathaniel M. Gorton . Endorsed Order entered granting [14-1] motion to continue status-pretrial conference in 4:97-cv-40012, reset pretrial conference for 2:00 10/21/97 in 4:97-cv-40012, in 4:94-cv-40066 .cc/cl. (cjn) (Entered: 09/11/1997) |
| 10/07/1997 | 16 | Status report by Robert B. Reich in 4:97-cv-40012, Dept. of Labor in 4:97-cv-40012, Secretary of Labor in 4:97-cv-40012 , filed. c/s. (cjn) (Entered: 10/07/1997) |
| 10/15/1997 | 17 | Status report by Baystate Alternative in 4:94-cv-40066, Able Temps Referrals in 4:94-cv-40066, Ann F. Woods in 4:94-cv-40066, Harold Woods in 4:94-cv-40066, Marlene Woods in 4:94-cv-40066, Bill Woods in 4:94-cv-40066, Robert B. Reich in 4:97-cv-40012, Dept. of Labor in 4:97-cv-40012, Secretary of |

| | | Labor in 4:97-cv-40012 , filed. c/s (cjn) (Entered: 10/15/1997) |
|---|---|---|
| 10/21/1997 | 20 | Judge Nathaniel M. Gorton . Clerk's Notes: re: status/pretrial conference Court Reporter: C. Dahlstrom Counsel appear for status/pretrial conference. After argument on cross motions for s/j on C.A. 97-40012, matter taken under advisement. Further conference to be scheduled after rulings on cross motions. (dfs) (Entered: 11/03/1997) |
| 10/24/1997 | 18 | Judge Nathaniel M. Gorton . Memorandum and Order entered. granting [4-1] motion for summary judgment denying [8-1] cross motion for summary judgment, denying [8-1] miscellaneous. cc/cl. (cjn) (Entered: 10/27/1997) |
| 10/27/1997 | 19 | Judge Nathaniel M. Gorton . Judgment entered for Robert B. Reich in 4:97-cv-40012, Dept. of Labor in 4:97-cv-40012, Secretary of Labor in 4:97-cv-40012 against Bay State Altern in 4:97-cv-40012, Able Temps in 4:97-cv-40012, Harold Woods in 4:97-cv-40012, William W. Woods in 4:97-cv-40012, Marlene Woods in 4:97-cv-40012. cc/cl. (cjn) (Entered: 10/27/1997) |
| 10/27/1997 | | Case closed. (cjn) (Entered: 10/27/1997) |
| 12/22/1997 | 21 | Notice of appeal by Bay State Altern in 4:97-cv-40012, Able Temps in 4:97-cv-40012, Harold Woods in 4:97-cv-40012, William W. Woods in 4:97-cv-40012, Marlene Woods in 4:97-cv-40012 filed. Fee Status: pd Fee Amount: $ 105.00 Receipt #: 402277 Appeal record due on 1/21/98 (cjn) (Entered: 12/22/1997) |
| 12/22/1997 | 22 | Motion by Bay State Altern in 4:97-cv-40012, Able Temps in 4:97-cv-40012, Harold Woods in 4:97-cv-40012, William W. Woods in 4:97-cv-40012, Marlene Woods in 4:97-cv-40012 to stay District Court judgment pending appeal , filed. cs/. (cjn) (Entered: 12/22/1997) |
| 12/22/1997 | 23 | Memorandum by Bay State Altern in 4:97-cv-40012, Able Temps in 4:97-cv-40012, Harold Woods in 4:97-cv-40012, William W. Woods in 4:97-cv-40012, Marlene Woods in 4:97-cv-40012 in support of [22-1] motion to stay District Court judgment pending appeal , filed. c/s. (cjn) (Entered: 12/22/1997) |
| 01/08/1998 | 24 | Memorandum by Dept. of Labor in 4:97-cv-40012 in opposition to [22-1] motion to stay District Court judgment pending appeal , filed. c/s. (cjn) (Entered: 01/08/1998) |
| 01/21/1998 | | Notice of Docketing Record on Appeal from USCA re: [21-1] appeal , received. USCA NUMBER: 98-1084 (fmr) (Entered: 01/28/1998) |
| 02/05/1998 | | Judge Nathaniel M. Gorton . Endorsed Order entered denying [22-1] motion to stay District Court judgment pending appeal . cc/cl. (cjn) (Entered: 02/06/1998) |
| 05/06/1998 | 25 | . Order entered Appellants' motion for a stay pending appeal is denied, appellants having failed to show that they will suffer irreparable harm in the absence of the grant of a discretionary stay. Specifically, appellants give no reasons why they they cannot file a supersedeas bond under Fed. R. Civ. P. 62 (d), thhereby obtaining a stay as of right. . (fmr) (Entered: 05/11/1998) |
| 12/30/1998 | 26 | USCA: Order entered. "...Affirmed in part, vacated in part, and remanded. All parties to bear their own costs." (dfs) (Entered: 01/12/1999) |
| | | |

Case 4:05-cv-40017-FDS    Document 28-11    Filed 06/16/2008    Page 16 of 16

| 02/03/1999 | 27 | Mandate of US Court of Appeals re: [21-1] appeal affirming in part, vacated in part and remanded for further proceedings in accordance with the opinion filed this day. Entered . (lau) (Entered: 02/03/1999) |
| 02/03/1999 | | Record on appeal returned from U.S. Court of Appeals, re: . (lau) (Entered: 02/04/1999) |
| 02/03/1999 | | Closed flag. (lau) (Entered: 02/04/1999) |
| 02/23/1999 | 28 | Judge Nathaniel M. Gorton. Order entered, remanding case to Alexis M. Herman, Secretary of Labor for further proceedings (cc/cl) (mqc) (Entered: 02/23/1999) |
| 02/23/1999 | | Status conference held. (fmr) (Entered: 02/24/1999) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/13/2008 12:18:22 | | |
| **PACER Login:** dj0039 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 4:97-cv-40012-NMG |
| **Billable Pages:** 3 | **Cost:** | 0.24 |

EXHIBIT A

# COMMONWEALTH OF MASSACHUSETTS

## COMMISSION AGAINST DISCRIMINATION

### DOCKET NO. 93-WEM-0012

| | |
|---|---|
| ANNE CHAMPAGNE,<br>　　　Complainant | )<br>)<br>) |
| VS. | )<br>)<br>) |
| ALTERNATIVE STAFFING,<br>INC., ABLE TEMPS REFERRALS,<br>INC., BAYSTATE ALTERNATIVE<br>STAFFING, BLUE COLLAR<br>TEMPORARIES, GALATIC<br>MANAGEMENT, INC., PLATO<br>MERCHANDISING CORPORATION,<br>MARLENE WOODS, HAROLD<br>WOODS, ANNE WOODS, and<br>WILLIAM "BILL" WOODS,<br>　　　Respondents | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

__ALTERNATIVE STAFFING,
INC.'S SECOND ANSWERS TO
COMPLAINANT'S SECOND
SET OF INTERROGATORIES__

**GENERAL OBJECTIONS.** Respondent is not bound by the terms, instructions and definitions propounded by the complainant. Respondent repeats and incorporates by reference the previous objections stated in this matter, and those reasons previously stated in the Motion for Protective Order, incorporated herein by reference. Respondent further states that the number and detail requested of these questions is unduly burdensome, and is intended only to harass the respondent, who because of the complainant's protracted discovery abuse, permitted over objection, has been denied a speedy and just resolution of this frivolous action. Respondent, without waiving these objections, responds as follows:



Jun-13-08  10:29am   From-US DEPT OF LABOR                                        T-897   P.03/15   F-204

1.. It the Respondent, ALTERNATIVE STAFFING, INC., incorporated under the laws of the Commonwealth of Massachusetts, or of any other state? If so, please indicate:

a. the state of incorporation;

**Massachusetts.**

b. the address of its principal place of business or registered office;

**P.O Box 2892, Worcester, MA 01608.**

c. the date on which the articles of incorporation were filed with the secretary of state;

**On or about July 1, 1991.**

d. the date on which the articles of incorporation were filed with the appropriate county clerk(s).

**Upon information and belief, the articles of incorporation were never placed on file with a "county clerk". These articles were prepared by Attorney Robert Holden, now deceased, and I do not know whether he placed these articles on record any place other than with the Secretary of State's Office.**

2. List the name and address of each person, firms corporation or other entity who assisted or participated in financing the formation of ALTERNATIVE STAFFING, INC. Include the following:

a.   the amount each contributed to ALTERNATIVE STAFFING, INC.;

**Harold Woods, $5,000.00.**

b.   whether any amount. contributed for original financing of ALTERNATIVE STAFFING INC.. been repaid, and if so, state:

**No amount contributed towards the initial financing has been repaid.**

1.   the name and address of the persons or entities that have been repaid;

2.   the time and place of repayment;

3.   the amount and method of repayment;

3. What is the name and current address of each person who signed the original articles of incorporation of ALTERNATIVE STAFFING, INC. as an incorporator? If any of the persons named in the answer to this interrogatory are related either by blood, marriage, or otherwise, indicate their relationship to each other.

**The incorporators of Alternative Staffing, Inc. were Harold Woods, 60 Turkey Hill Rd., Lunenburg, Anne Woods, 22 Highland Street, Lunenburg, and Michael Kinney, 62 Cross Rd., Lunenburg. Anne Woods is the aunt of Harold Woods. Michael Kinney is the son-in-law of Marlene Woods, who is Harold Woods' stepmother.**

4.   What, according to the articles of incorporation of ALTERNATIVE STAFFING, INC.,

is:

    a.  the specific or primary business to be engaged in by the corporation;

**No "primary business" is listed in the Articles of Incorporation, as there is only a listing of the corporate purpose.**

    b.  the general purpose for which the corporation was organized;

**To foment, institute, undertake and participate in all sorts of commercial and industrial activities without restriction, including but in no way confined to the factoring, arrangement, permanent and temporary referrals, leasing, payroll administration, personnel control, cost analysis, efficiency rating and supervision of employment and other services and to do all things necessary or convenient thereto not prohibited by law and in connection therewith, to obtain, own and dispose of real estate and personal property.**

    c.  the duration, if any of its corporate existence;

**Until on or about July of 1994.**

    d.  the total number of authorized shares of par value stock and par value of each;

**0.**

    e.    the authorized number of shares without par value;

**100 Common shares.**

Attach a copy of the articles of incorporation to your answers to these interrogatories.
**A copy of the articles of incorporation is attached hereto.**

5.  Did ALTERNATIVE STAFFING, INC., after incorporation, adopt bylaws? **No.  I believe that by-laws were to be prepared by Attorney Holden, but none were presented to the corporation and Attorney Holden is now deceased.**

If so, state:

    a.  the time and place of their adoption;

    b.  the name and address of the person who drafted them;

  c.  the name of each person present at the meeting at which they were adopted:

    d.  what provisions there are in the bylaws, if any, relative to the number, qualifications, duties and compensation of directors? What other provisions are there in the bylaws relative to directors?

    e. whether such bylaws provide for the following:

    1.    time, place and manner of calling, conducting, and giving notice of directors' meetings;

    2.    time, place and manner of calling, conducting, and giving notice of shareholders' meetings;

    3.    a method of publication of notices of meetings of the shareholders or directors when publication is required;

    4.    a method for the execution, revocation, and other use of proxies;

5.    appointment of an executive committee or other committee(s) of the board of directors;

6.    appointment. duties. compensation, and tenure of office of officers other than directors;

7.    a method to determine the shareholders of record; and,

8.    the making of annual reports and financial statements to shareholders

Attach a copy of ALTERNATIVE STAFFING, INC.'s bylaws to your answers to these interrogatories. None exist to the best of my knowledge.

6.    Who has acted as a director of ALTERNATIVE STAFFING, INC. from the date of incorporation to the date of these interrogatories? Include with your answer:

a.    name and current address;

**Harold Woods, 60 Turkey Hill Rd., Lunenburg.**

b.    the time period during which each such director served;

**From the inception of the corporation until such time as the corporation ceased to do business.**

c.    whether any salary. fee. or other compensation was paid,

**No money was paid for service as a director.**

and if so, state:

1.    the period for which payment was made in each case;

2.    the amount of payment, in money, in each case;

3.    the nature of payment, if property, in each case;

4.    the date of each payment in each case;

d.    if any payment to any director was in a form other than money, in addition to the nature of such payments, **No compensation was paid in any form.**

state.

1.    the fair value of the property paid;

2.    whether the fair value was stated by resolution to the board of directors;

3.    whether the board of directors voted approval of any of the payments

mentioned:

4.    if the board voted approval, which payments were approved.

7.    Who has acted as an officer of ALTERNATIVE STAFFING, INC from the date of incorporation to the date of these interrogatories?

**The officers were the incorporators as listed, incorporated by reference herein, as stated above.**

Include with your answer:

a.    name, current address, and title of office;

b.    the time period during which, each served:

c.    the nature of services performed;

d.    whether any salary, fee, or other compensation was paid, and if so, state:

    1.    the period for which payment was made in each case;

    2.    the amount of payment, in money, in each case;

    3,    the nature of payment, if property, in each case;

    4.    the date of each payment in each case;

e.    if any payment to any officer was in a form other than money, in addition to the nature of such payments, state.

    1.    the fair value of the property paid;

    2.    whether the fair value was stated by resolution to the board of directors;

    3.    whether the board of directors voted approval of any of the payments mentioned;

    4.    if the board voted approval, which payments were approved

8,    Did ALTERNATIVE STAFFING, INC ever issue shares of stock?
**No shares were issued as they were held by the corporation as treasury stock.**
If SO state:
    a.    the name and address of the person to whom each share was originally issued;

    b.    the date of issuance of each original share:

    c.    the amount of each class of stock. that was originally issued to each person:

    d.    whether any person who was a holder of the shares of stock originally issued by ALTERNATIVE STAFFING, INC. transferred his shares to any other person, corporation or entity, and if so, state:

    1.    the name of the person transferring his shares;

    2.    the number of shares transferred;

    3.    the person to whom such shares were transferred;

    4.    the consideration received for the transfer of such shares;

    5.    whether such. transfers appear in your share certificate book; and,

    6.    the date of each transfer;

e.    the name and last known address of each of the present stockholders of ALTERNATIVE STAFFING. INC.;

f.    whether ALTERNATIVE STAFFING, INC. maintains a share certificate or share register book, and if so, the name and address of the person having custody of such book, and its present location;

    If one exists, provide a copy of ALTERNATIVE STAFFING, INC.'s share certificate or share register book.

9.    Has consideration for all stock issued been received by the corporation?
**No, as the stock was not issued by the corporation.**
If so, state:

a.  whether such consideration was in money, property, services, or other;

    b.  if consideration was other than money, what was the nature of such consideration in each case;

    c.  if other than money what was the fair value to the corporation in money of said corporation:

    c.  whether the fair value of said consideration stated by resolution of the board of directors, and if so, state the date of each resolution.

10.    Has there been a meeting of the board of directors of ALTERNATIVE STAFFING, INC. since the date of its incorporation?
**Yes. Annual meetings of the corporation were held in July of each year that the corporation existed between July of 1991 and July of 1994. These meetings were**

held at the Worcester office of the corporation and the officers were present as listed
in the articles of incorporation.  No minutes were kept and the general business of
the corporation was discussed.
If so, state:

      a.  the time and place of each meeting;

      b.   the name of each director present at each meeting;

      c. the nature and extent of the business transacted at each meeting; and,

      d. whether each meeting and the incidents thereof have been recorded in. the
      corporation's minute book;

Also, state the name and address of the person having present possession of the corporation's
    minute book, and its present location.
    **No corporation minute book was prepared or kept.**
Attach a copy of ALTERNATIVE STAFFING, INC.'s minute book to your answers to these
    interrogatories.


11.    Has there been a meeting of the stockholders of ALTERNATIVE STAFFING, INC. since

    the date of its incorporation?

    **No. There are no stockholders as the stock was never distributed by the corporation.**

    If so, state:
    a      the date and place of each meeting;

    b.     the name and address of each person present at each meeting;

    c.     the nature and extent of the business transacted at each meeting;
    d.     whether the minute book of the corporation reflects the circumstances of each
    Meeting

12.    From the date of its incorporation, has ALTERNATIVE STAFFING, INC.
engaged in any business? Yes. Did it engage in any business prior to the date of its
incorporation? No. If the answer to either is in the affirmative, state:

a.  the nature of the business;
**As listed in the general purposes as stated in the articles of incorporation.**
b.   the address of each place where business was engaged in;
**56 Shrewsbury St., Worcester, and 109A River Street in Fitchburg.**
b.   the period of time during which each business was engaged. in;
**July of 1991 to on or about July of 1994.**
d.  whether ALTERNATIVE STAFFING, INC. is engaged in any business at the present

time.No.

13. Has ALTERNATIVE STAFFING, INC. paid any dividends to its shareholders?
**No.**
    It so, state:

a. the date, in each case. when dividends were declared;

b. the date, in each case, when dividends were paid;
c. what amount of dividend *was* per share in each case;
d. the name of each person to whom the dividend was paid;
e. the source, in each case. from which the dividend came, i.e, earned surplus, paid~in surplus, etc.
f. how, in each case. the source from which dividends were paid was accummulated;

g. whether, in each case, the dividend was cash, stock, or other.

14.    Has ALTERNATIVE STAFFING. INC., from. the day of its incorporation (or the day it began doing business. whichever is earlier) to the date of these interrogatories, made application for and/or received any loans?
**No.**
If so, state:

a    the name and address of each person, corporation or other entity making such loans;

b.    the date of each loan

c.    the amount of each loan:

d.    the term of each loan

e.    whether the loan was secured or unsecured, in each case;
    f.  what security, if any, was given, in each case;
    g. whether any repayments have been. made either by the corporation. or on behalf of the corporation;

    h.  the date and amount of each repayment;

      i.    the present unpaid balance, including interest to date, on each loan.

15.    Has ALTERNATIVE STAFFING. INC, from the day of its incorporation *(or the day it began doing business. whichever is earlier)* to the date of these interrogatories. made any loan to any person. corporation or other entity?

No.
If so, state:

  a. the name and address of each person, corporation, or other entity to whom such
loan has been made;
  b. the date of each loan
  c. the amount of each loan;
  d. the term of each loan;
  e. whether the loan was secured or unsecured, in each case,'
  f. what security, if any, was given, in each case;
  g. whether any repayment has been made on each loan;
  h. the present unpaid balance, including interest to date, on each loan.

16. What was the authorized or stated capital of ALTERNATIVE STAFFING, INC.?
  **The initial capital contribution of Harold Woods as stated above was the only
  capital contribution, and was not in exchange for stocks or consideration.**

Include with your answer whether any money, property, services or other thing of value of any
kind has been given by any person, corporation, or other entity at any time to ALTERNATIVE
STAFFING, INC. which was not in exchange for shares of stock but was a contribution to the
capital of ALTERANTIVE STAFFING INC., and if so, state:
  a. the name and address of every person, corporation, or entity making such
  contribution;

  b. the date of each contribution;

  c. the amount of each contribution;

  d. the date the contribution was received by ALTERNATIVE STAFFING, INC.,
  if different from the date on which it was made;
  E. if the contribution to capital was in a form other than money, what the fair
  value was of the contribution in money at the time it was received by
  ALTERNATIVE STAFFING, INC.;
  F. How this contribution is designated in the corporate records.

17. Has ALTERNATIVE STAFFING. INC. since the day of its incorporation (or the day it
  began doing business, whichever is earlier) maintained financial books and records of
  account.
**OBJECTION. A response to this interrogatory was previously not required by Order of
Commissioner Gomez on Respondent's Motion for Protective Order. The Commissioner's
order was revised sua sponte, without opportunity to object or file a response, and to this
further extent the respondent objects. In addition, respondent objects in that the requested
information is unduly burdensome, not relevant to the issues before the Commission, and
without waiving this objection the respondent states as follows:**
  **Yes, records of account have been maintained.**
  If so, state:

a.   the name of each such book or account; **The financial records and books of account had no particular name, as I recall.**
b. the name and address of each person in possession of any such book or account;
 **I do not know that any particular person is presently in possession of the financial records or records of account.  I understand that Alternative Staffing, Inc., ceased to operate as a going concern on or about July 4, 1994.  I understand that the accounting records for the business were maintained on the hard-drive of a computer system that was stolen from our Worcester office on or about the summer of 1995. I understand that a police report was filed with the Worcester police at the time of this incident.  I understand that any hard or written copies of the documents were in the possession of our accountant, John Bresnahan, and these records were destroyed in a flood at his office in 1995.  I am not in possession of a copy of these records, which have not been maintained with the passage of time.**
c.   the general contents of each book or account. **I recall that accounting records were maintained, including accounts receivable and payable.**

Attach a copy of each financial book or record of account to your answers to these interrogatories. **These records are not in our possession as explained above.**

18 .    Has ALTERNATIVE STAFFING. INC since the date of its incorporation (or the date it began doing business, whichever is earlier) ever prepared a financial statement?
        **This interrogatory has been deleted by order of Commisioner Gomez..**
If so, state:
            a.     the name of the person. firm, or other entity preparing the financial statement;
            b.     the purpose for which the financial statement was prepared;
c.       the name and address of the person having present possession and custody of the Financial statement;
            d.  the present location of the financial statement

            Attach a copy of each such financial statement to your answers to these interrogatories

19. Has ALTERNATIVE STAFFING, INC, since the date of its incorporation (or the date it began doing business, whichever is earlier) to the present date maintained any bank accounts?
        **From July 1991 to July of July of 1994, the company held accounts with Shawmut bank, which has been taken over by another bank, and I do not know the name of the bank that took over for Shawmut.  The title of each account was Alternative Staffing, Inc., and the person authorized to draw funds was Anne Woods.**

    If so, state:

    a.       the name and address of each bank, and branch thereof., at which. the accounts
            · have been maintained:

    b.       the name or title of each account:

c. the name of each person. authorized to draw funds from such account

20. Regarding ALTERNATIVE STAFFING, INC.'s profits and losses, state:
   a. the net profit derived from all operations by ALTERNATIVE Staffing, INC. from the date of its incorporation (or the date it began doing business, whichever is earlier) to the present time;
   **I do not believe there was ever a profit for this company.**
   b. The gross income derived from all operations by ALTERNATIVE STAFFING, INC. from the date of its incorporation (or the date it began doing business. whichever is earlier) to the present time;
   **I am not in possession of these figures as they were on the computer records.**
   c. the total expenses incurred by ALTFRNATIVE STAFFING, INC. in connection with all of its business or other operations from the date of its incorporation (or the date it began doing business, whichever is earlier) to the present time;
   **I am not in possession of these figures as they were on the computers that were stolen or tampered with .**
   d. whether ALTERNATIVE STAFFING, INC. had a profit and loss statement prepared for any year from 1990 to the present, inclusive, calendar or fiscal years;
   **No.**
   e. if the answer to part d. above, is in the affirmative, state the net profit and loss shown in each such profit and loss statement, and attach a copy of each to your answers to these interogatories.

21. Did ALTFRNATIVE STAFFING, INC. file any federal or state tax returns for any calendar year from 1990 to the present, inclusive?
**Yes. However, I am not in possession of these returns, which I believe maybe in possession of John Bresnahan, CPA, who conducts business at 110 Ayer Road in Harvard, MA. I believe that many of these records were lost or destroyed in a flood in 1995. I am therefore not able to fully respond to this question without the records in my possession.**
If so, state:
a. the gross income shown on such return;
b. the net income shown on such return;
c. the total amount of taxes paid or owing;
d. the place where the return was filed.

Attach a copy of each such tax return to your answers to these interrogatories.
**No copy is in my possession.**

22. Has ALTERNATIVE STAFFING, INC from the date of its incorporation (or the date it began doing business, whichever is earlier) owned any real or personal property? If. so, state:
   **No.**

   a. the legal. description of each parcel of real *property*. or a description of such

personal property:

b.  the date acquired;

c.  the name and address of the person., firm, or other entity from whom. the property was acquired;

d..  the consideration given therefor;

e.  whether ALTERNATIVE STAFFING, INC. transferred any real or

personal property either by sale, gift, exchange or otherwise, and if so, give:

1.  a description of the property so transferred;

2.  the method or manner of transfer;

3.  the name of the person. firm, or other entity to whom transferred;

4.  the consideration received by the corporation;

5.  the time and place of the transfer.


23.  Is any of the property of ALTERNATIVE STAFFING, INC rented, leased, or otherwise in the possession of a third party '

**No.**

If so, state:

a.  a description of the property;

b.  the name and address of the person, firm, or other entity who has possession of the property;

c.  whether the property is rented, leased, or otherwise in the possession of a third party;

d.  the consideration received by ALTERNATIVE STAFFING, INC.;

e.  the name and address of the person. who receives(ed) the rents, or other renumeration. on behalf of ALTERNATIVE STAFFING. INC


24. On each of the dates below. state the assets and liabilities of ALTERNATIVE STAFFING, INC,:

**Alternative Staffing Inc., was in existence from on or about July 1991 until July 1994, and so records for 1990, 1995 and 1996 never existed. Any statement for asset and liabilities was never prepared by me or the corporation, to the best of my knowledge, but perhaps is reflected in tax records prepared and in the possession of Mr. Bresnahan, if still**

maintained by his office. I know that there are significant liabilities for this company, including the decision of the Department of Labor, that is under appeal in the federal appellate courts.

    a.     January 1,1990:

    b.     January 1, 1991:

    c.     January 1,1992;

    d.     January 1,1993:

    e.     January1, 1994:

    f.     January 1. 1995:

    g.     January 1, 1996:

    h..     the date of your answer to these interrogatories; **As listed below at the time these answers were signed.**

25.    At any time since the incorporation of ALTERNATIVE STAFFING, INC. (or since the date it began doing business. whichever is earlier) has there been a time when the assets of the corporation equalled or exceeded its liabilities? **No.** If so state:

    a.     the time(s) when this situation existed;

    b.     what the assets were at that time;

    c.     what the liabilities were at that time.

26. Did Respondent(s) MARLENE WOODS, HAROLD WOODS, ANN WOODS, ABLE-TEMPS REFERRALS, INC; ALL AMERICAN TEMPS, INC., BAYSTATE ALTERNATIVE STAFFNG, INC., BLUE COLLAR TEMPORARIES, INC., PIATO MERCHANDISING CORPORATION, WILLIAM "Bill" WOODS, or GALACTIC MANAGEMENT, INC., individually or in combination, advance any money to be used to pay expenses incidental to the formation and/or incorporation of ALTERNATIVE STAFFING, INC.?
**Only Harold Woods contributed money for the formation of the company.**
If so, state:
a.    which Respondent(s) advanced such money;
**Harold Woods.**

    b.    the time and place of such advance(s);

**On or about July 1, 1991.**

    c.    the arrangements, if any, for repayment of such advances;

**No arrangements were made for repayment of this amount, as this was a family business, and it was informally decided that Harold Woods would be paid back at some time when the company became profitable. He was never paid back for this advance.**

    d.    whether repayment has been made; **No.**

    e.    the method of repayment (i.e. stock, money, etc.)

27.    Did Respondent(s) MARLENE WOODS, HAROLD WOODS, ANN WOODS, or WILLIAM "BILL" WOODS ever execute or sign in an individual capacity on behalf of ALTERNATIVE STAFFING, INC., any written documents in the nature of applications, escrows or escrow instructions, forms, letters, checks, or similar papers or documents? **No, other than the fact that Anne Woods opened a bank account at Shawmut on or about July of 1991.** If so, state:

    a.    the nature of such document(s);

    b.    the date of such document(s);

    c.    to whom the document(s) were directed;

    d.    the purpose of the document(s),

    e.  the name and address of the person, or agency that now has physical possession of such document(s);

    f.    the place where the document(s) *are* presently being kept;

Attach a copy of each such document to your answers to these interrogatories.

**No copies of banking records are in my possession.**

28.    Did Respondent(s) MARLENE WOODS, HAROLD WOODS, ANN WOODS, or WILLIAM "BILL' WOODS ever take money owing to ALTERNATIVE STAFFING, INC and deposited it in his own personal checking, savings, or other accounts? No. Did Respondent(s) MARLENE WOODS, HAROLD WOODS, ANN WOODS, or WILLIAM "BILL' WOODS ever taken money from any personal account to pay an obligation of ALTERNATIVE STAFFING, INC? No. If the answer to either is in the affirmative, state:

    a.    The time and place of such transaction;

    b.    the amount of money involved in each such transaction;

    c.      arrangements, if any, for repayment;

    d.      whether repayment has been made;

    e.      the date and amount of each repayment;

    f.      whether there was a note evidencing such action, and, if so, attach a copy of such note to your answers to these interrogatories;

    g.      whether each. such action. was approved by an action of the board of directors, and, if so, state:

        1.     whether such approval *was* at a regular meeting;

        2.     whether such approval. was at a special meeting;

        3.     whether any resolution of the. board was passed approving the transaction.;

        4.     whether the transaction is reflected in the minute books of the corporation.

29    Was there anyone in the corporation who could overrule any transaction proposed by, or decision made by Respondent MARLENE WOODS? **Yes.**

Was there anyone in the corporation who could overrule any transaction proposed by, or decision made by Respondent Harold Woods? **No.**

Was there anyone in the corporation who could overrule any transaction proposed by, or decision made by Respondent Anne Woods? **Yes.**

Was there anyone in the corporation who could overrule any transaction proposed by, or decision made by Respondent William Woods? **Yes.**

If the answer(s) to any of the foregoing are in the affirmative, indicate:

    a.     who could overrule Respondent MARLENE WOODS, and under what circumstances; **the officers of the corporation in any circumstances.**

    b.     who could overrule Respondent Harold Woods and under what circumstances; **the officers of the corporation in conference in any circumstances.**

    c. who could overrule Respondent Anne Woods. an under what circumstances; **Harold Woods in his discretion as President of the corporation.**

    d. who could overrule William Woods and under what circumstances; **Harold Woods under any circumstances.**

    e. each incident where a proposed transaction or decision was overruled: **No such incident ever existed.**

f. whether the minute books refer to such transaction; **No such minute books existed.**

g. the date(s) when each respondent herein listed was overruled; **No such event ever occurred.**

h. the name and address of each person present at any meeting where such transaction took place. **No such "transaction" ever took place.**

30. Has Respondent(s) MARLENE WOODS, HAROLD WOODS, ANN WOODS, or WLLIAM "BILL" WOODS ever. since the date of its incorporation (or the date it began doing business, whichever is earlier) ever entered into any contractual. agreement with third parties on behalf of ALTENATIVE STAFFING, INC.? **No such contracts were ever entered into by any individual. The work was performed on a "on-call" basis without any particular agreements.**
If so, state:

    a. the time and place of such transaction, from which of the above named individuals entered into such transaction;

    b. the name and address of the other party to the contract;

    c. whether the contract was subsequently accepted on behalf of the corporation by the board of directors;

    d. the time of the approval by the board. of directors

    e. whether the. approval is recorded ii] the minute books of the corporation.

31 Has Respondent(s) MARLENE WOODS, HAROLD WOODS, ANN WOODS, or WIILIAM "Bill" WOODS had access to the books of account of ALTERNATIVE STAFFING, INC. at all times from the date of its incorporation (or the date it began doing business, whichever is earlier) until the date of these interrogatories? **OBJECTION. In view of the Commissioner's ruling regarding production of financial books and records, respondent is of the belief that he need not respond to this interrogatory. Without waiving this objection and further objections on grounds of relevancy and materiality, respondent states as follows: No. The corporation was in business from July of 1991 to July of 1994, operating out of the Worcester office. At the office, business records and transactions were recorded exclusively on company computers, and no paper records are any longer in existence. On or about January or February of 1995, computers were stolen from the office and records were sabotaged by a former employee. The theft of the computers and sabotage was reported to the Worcester Police, and reports of the destruction of these records are likely on file, as they are not now in my possession.**

By Their Attorney,

Daniel W. Cronin
Cronin, Dombrowski & Aveni, LLP
32 School Street
Leominster, MA  01453
(978) 840-0001
B.B.O. # 548200

## CERTIFICATE OF SERVICE

I, Daniel W. Cronin, attorney for the plaintiff, hereby certify that on this 19th day of November, 1998, I mailed a copy of the foregoing to the Commission and to Commission counsel for the complainant, at their addresses of record.

Daniel W. Cronin

DEPARTMENT OF THE TREASURY — INTERNAL REVENUE SERVICE

| FORM **2751-AD**<br>(REV. 4-88) | **100 PERCENT PENALTY — OFFER OF AGREEMENT TO ASSESSMENT AND COLLECTION<br>AND OFFER OF ACCEPTANCE OF OVERASSESSMENT**<br>(Sec. 6672, Internal Revenue Code of 1986, or corresponding provisions of prior internal revenue laws) |
|---|---|

| SYMBOLS | NAME OF RESPONSIBLE PERSON<br><br>Harold J. Woods | SSN<br><br>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 |
|---|---|---|

The undersigned offers to agree to the assessment and collection of the penalty shown below, which results from the failure of the named employer or collecting agency (1) to pay over Federal employment taxes withheld from employees' wages; (2) from the failure to pay over Federal excise taxes collected from patrons or members; or (3) from the failure of the named employer or collecting agency to collect Federal employment taxes or Federal excise taxes. The undersigned also offers to accept the overassessment shown below.

| NAME AND ADDRESS OF EMPLOYER OR COLLECTING AGENCY<br>Day Worker Referrals, Inc.<br>c/o Harold Woods, Clerk<br>60 Turkey Hill Road<br>Lunenberg, MA 01462 | EIN<br><br>04-3098341 |
|---|---|

**100 PERCENT PENALTY**

| PERIOD | KIND OF TAX | PENALTY TO BE ASSESSED | OVERASSESSMENT<br>OF PENALTY |
|---|---|---|---|
| 12/31/92 | 941 | $ 33,926.24 | |
| 03/31/93 | 941 | 3,680.94 | |
| 06/30/93 | 941 | 3,680.94 | |
| 09/30/93 | 941 | 3,680.94 | |
| 12/31/93 | 941 | 3,680.94 | |

**RECEIVED**

DEC 8 - 1997

I.R.S. APPEALS OFFICE
PORTSMOUTH, NH

It is understood that this offer is subject to acceptance by, or on behalf of, the Commissioner of Internal Revenue, and shall have no force or effect unless and until it is accepted.

If this offer is accepted, it is also understood that the difference between the penalty to be assessed and the overassessment shown above will be billed (if an underpayment), or refunded or credited (if an overpayment), and that appropriate adjustments for statutory interest will be made, if required.

Also, if this offer is accepted, the case shall not be reopened in the absence of fraud, malfeasance, concealment or misrepresentation of material fact, or an important mistake in mathematical calculation; and no claim for abatement, credit or refund shall be filed or prosecuted for the above stated periods other than for the overassessment shown above.

| SIGNATURE OF RESPONSIBLE PERSON | DATE<br>12/1/97 |
|---|---|

*Note:* This offer may be executed by the taxpayer's attorney or agent, provided such action is specifically authorized by a power of attorney which, if not previously filed, must accompany this form.

| FOR<br>INTERNAL<br>REVENUE<br>USE ONLY | DATE ACCEPTED FOR COMMISSIONER<br>12/29/97 | SIGNATURE<br>David A Hathely |
| | OFFICE<br>David A Hathely<br>New England Appeals | TITLE<br>Associate Chief |

*U.S.GPO:1988-202-004/81558

FORM **2751-AD**

GOVERNMENT<br>EXHIBIT<br>12



MASSACHUSETTS DEPARTMENT OF REVENUE
EMPLOYER'S QUARTERLY RETURN OF INCOME TAXES WITHHELD
YOU SHOULD FILE THIS FORM EVEN THOUGH NO TAX MAY BE DUE.

FOR USE ONLY

FEDERAL IDENT. NO.  043-090-341*05*

DAY WORKERS REFERRALS INC

FOR QTR. ENDING  03/92

1. AMOUNT WITHHELD          251.66
2. ADJUSTMENT FOR PRIOR QUARTER AMOUNT WITHHELD.
3. TOTAL TAX DUE WITH THIS RETURN          251.66
4. INTEREST
5. PENALTIES
6. TOTAL AMOUNT DUE          251.66

CHECK HERE IF USING THE BACK OF THIS FORM.

* EXPLAIN ANY ADJUSTMENT ON REVERSE OR IT WILL BE DISALLOWED.

PLEASE USE THE PREADDRESSED MAILING LABELS IN THIS BOOKLET.

DAY WORKERS REFERRALS, INC.
56 SHREWSBURY STREET
WORCESTER, MA 01604

PAY TO THE ORDER OF

Shawmut

1198

5-20/110

DOLLARS

4-30 19 92



GOVERNMENT EXHIBIT 13

MASSACHUSETTS DEPARTMENT OF REVENUE

**EMPLOYER'S QUARTERLY RETURN OF INCOME TAXES WITHHELD**

YOU SHOULD FILE THIS FORM EVEN THOUGH NO TAX MAY BE DUE.

M-941

| FEDERAL IDENT. NO. | FOR QTR. ENDING |
|---|---|
| 043-098-341*05* | 06/93 |

FOR USE ONLY

IF INCORRECT, SEE INSTRUCTIONS. DO NOT ALTER.

DAY WORKERS REFERRALS INC

IF NOT
CORRECT
PLEASE
SEE
INSTRUC-
TIONS:

RETURN IS DUE WITH PAYMENT MUST ON OR BEFORE THE LAST DAY OF THE MONTH FOLLOWING THE CALENDAR QUARTER INDICATED ABOVE. MAKE CHECK PAYABLE TO: COMMONWEALTH OF MASSACHUSETTS.

I DECLARE UNDER THE PENALTIES OF PERJURY THAT THIS RETURN INCLUDING ANY ACCOMPANYING SCHEDULES AND STATEMENTS HAS BEEN EXAMINED BY ME AND TO THE BEST OF MY KNOWLEDGE AND BELIEF IS A TRUE CORRECT AND COMPLETE RETURN.

SIGNATURE _____ TITLE _____ DATE 7/29/93

043098341053063 93DAY

| | | AMOUNT WITHHELD |
|---|---|---|
| 1. AMOUNT WITHHELD | | 34872 |
| 2. ADJUSTMENT FOR PRIOR QUARTER AMOUNT WITHHELD* | | |
| 3. TOTAL TAX DUE WITH THIS RETURN | | 34872 |
| 4. INTEREST | | |
| 5. PENALTIES | | |
| 6. TOTAL AMOUNT DUE | | 34872 |

CHECK HERE IF USING THE MAILING LABEL ON BACK OF THIS FORM. IT WILL BE DISALLOWED. ☐

* EXPLAIN ANY ADJUSTMENT ON REVERSE OR BACK OF THIS FORM.

PLEASE USE THE PREADDRESSED MAILING LABELS IN THIS BOOKLET.

DAY WORKERS REFERRALS, INC.
58 SHREWSBURY STREET
WORCESTER, MA 01604

2263

---

PAY
TO THE
ORDER OF Commonwealth of Mass.

Three hundred forty eight 72

Shawmut Bank
Boston, Massachusetts

FOR 2Q MW T

7-29 19 93

$348 72/100

⑆0283⑆ ⑆01⑆1000 2061⑆ 50 11183 3

DOLLARS

5-20/110





EMPLOYER'S QUARTERLY RETURN OF INCOME TAXES WITHHELD

YOU SHOULD FILE THIS FORM EVEN THOUGH NO TAX MAY BE DUE.

FEDERAL IDENT. NO.
043-098-341-05

FOR QTR. ENDING
09/93

DAY WORKERS REFERRALS INC

| 1. AMOUNT WITHHELD | 334 | 45 |
| 2. ADJUSTMENT FOR PRIOR QUARTER AMOUNT WITHHELD* | | |
| 3. TOTAL TAX DUE WITH THIS RETURN | 334 | 45 |
| 4. INTEREST | | |
| 5. PENALTIES | | |
| 6. TOTAL AMOUNT DUE | 334 | 45 |

043098341051049930AY

DAY WORKERS REFERRALS, INC.
36 SHREWSBURY STREET
WORCESTER, MA 01604

2469

5-20/110

PAY TO THE ORDER OF  Commonwealth of Mass                    10/30  19 93    $ 334 45

three hundred thirty four    45/100                                      DOLLARS

Shawmut Bank
Boston, Massachusetts

FOR  MWT 3rd Q 93

⑆00 246 9⑆ ⑈0 1 1000 206⑈  50  111393  3⑈

08310147056202

**Form 1120**

Department of the Treasury
Internal Revenue Service

## U.S. Corporation Income Tax Return

For calendar year 1992 or tax year beginning **01-01**, 1992, ending **12-31**, 19**92**

▶ Instructions are separate. See Instructions for Paperwork Reduction Act Notice.

OMB No. 1545-0123

**1992**

| **A Check if a:** | | |
|---|---|---|
| (1) Consolidated return (attach Form 851) | | |
| (2) Personal holding co. (attach Sch. PH) | | |
| (3) Personal service corp. (as defined in Temporary Regs. sec. 1.441-4T — see instructions) | | |

Use IRS label. Other-wise, please print or type.

**Name   Number, street, and room or suite no.   City or town, state, and ZIP code**

ALTERNATIVE STAFFING, INC.
P.O. BOX 2892
WORCESTER MA 01603

**B Employer Identification no.**
04-3122730

**C Date Incorporated**
07-01-91

**D Total assets** (see Specific Inst.)
$ 98,444

**E Check applicable boxes:** (1) ☐ Initial return   (2) ☐ Final return   (3) ☐ Change in address

| | | | | |
|---|---|---|---|---|
| **Income** | **1a** Gross receipts or sales | 2,635,801 | **b** Less returns and allowances | C Bal▶ | **1c** | 2,635,801 |
| | **2** Cost of goods sold (Schedule A, line 8) | | | **2** | 1,853,576 |
| | **3** Gross profit. Subtract line 2 from line 1c | | | **3** | 782,225 |
| | **4** Dividends (Schedule C, line 19) | | | **4** | |
| | **5** Interest | | | **5** | |
| | **6** Gross rents | | | **6** | |
| | **7** Gross royalties | | | **7** | |
| | **8** Capital gain net income (attach Schedule D (Form 1120)) | | | **8** | |
| | **9** Net gain or (loss) from Form 4797, Part II, line 20 (attach Form 4797) | | | **9** | |
| | **10** Other income (see instructions — attach schedule) | | | **10** | |
| | **11** Total income. Add lines 3 through 10 ▶ | | | **11** | 782,225 |

| | | | | |
|---|---|---|---|---|
| **Deduc-tions** **(See Instruc-tions for limita-tions on deduc-tions.)** | **12** Compensation of officers (Schedule E, line 4) | | | **12** | |
| | **13a** Salaries and wages | 136,300 | **b** Less jobs credit | | C Balance▶ | **13c** | 136,300 |
| | **14** Repairs | | | **14** | |
| | **15** Bad debts | | | **15** | |
| | **16** Rents | | | **16** | 7,041 |
| | **17** Taxes | | | **17** | 14,607 |
| | **18** Interest | | | **18** | |
| | **19** Charitable contributions (see Instructions for 10% limitation) | | | **19** | |
| | **20** Depreciation (attach Form 4562) | **20** | | | |
| | **21** Less depreciation claimed on Schedule A and elsewhere on return | **21a** | | **21b** | |
| | **22** Depletion | | | **22** | |
| | **23** Advertising | | | **23** | |
| | **24** Pension, profit-sharing, etc., plans | | | **24** | |
| | **25** Employee benefit programs | | | **25** | |
| | **26** Other deductions (attach schedule) | | | **26** | 621,249 |
| | **27** Total deductions. Add lines 12 through 26 ▶ | | | **27** | 779,197 |
| | **28** Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | | | **28** | 3,028 |
| | **29** Less: **a** Net operating loss deduction (see instructions) | **29a** | 3,593 | | |
| | **b** Special deductions (Schedule C, line 20) | **29b** | | **29c** | 3,593 |

| | | | |
|---|---|---|---|
| **Tax and Payments** | **30** Taxable income. Subtract line 29c from line 28 | **30** | -565 |
| | **31** Total tax (Schedule J, line 10) | **31** | 0 |
| | **32** Payments: **a** 1991 overpayment credited to 1992 | **32a** | |
| | **b** 1992 estimated tax payments | **32b** | |
| | **c** Less 1992 refund applied for on Form 4466 | **32c** ( ) | **d** Bal ▶ **32d** | |
| | **e** Tax deposited with Form 7004 | **32e** | |
| | **f** Credit from regulated investment companies (attach Form 2439) | **32f** | |
| | **g** Credit for Federal tax on fuels (attach Form 4136). See Instructions | **32g** | **32h** | |
| | **33** Estimated tax penalty (see instructions). Check if Form 2220 is attached ▶ ☐ | **33** | |
| | **34** Tax due. If line 32h is smaller than the total of lines 31 and 33, enter amount owed | **34** | |
| | **35** Overpayment. If line 32h is larger than the total of lines 31 and 33, enter amount overpaid | **35** | |
| | **36** Enter amount of line 35 you want: Credited to 1993 estimated tax ▶    Refunded ▶ | **36** | |

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ _____ Signature of officer   |   5/3/95 Date   |   Title

| **Paid Preparer's Use Only** | Preparer's signature ▶ | | Date 05-19-95 | Check if self-employed ☐ | E.I. No. ▶ 04 |
| | Firm's name (or yours if self-employed) and address ▶ | JOHN T. BRESNAHAN, JR., P.C. CERTIFIED PUBLIC ACCOUNTANTS PO BOX 354, HARVARD   MA | | | ZIP code ▶ 0 |

GOVERNMENT EXHIBIT

4733  ⌐ 12012    NTF 3084

**WR-1**  MASSACHUSETTS DEPARTMENT OF REVENUE

# EMPLOYER'S QUARTERLY REPORT OF WAGES PAID

Total Number of Pages:

Please Print or Type

01-01-000023908

**NOTE:** IF YOU ARE A MAGNETIC TAPE FILER, DO NOT COMPLETE THIS FORM. INSTEAD, COMPLETE THE TRANSMITTER REPORT IN THIS BOOKLET

| | | |
|---|---|---|
| ☐ Check box if this is an amended return for a prior quarter. | FOR CALENDAR QUARTER   JAN  1 92 THRU MAR 31 92 | US EMPLOYER IDENTIFICATION NO 043-098-341 *1 * |
| If this is a FINAL report, check applicable box: ☐ Business sold ☐ Permanently ceased paying wages ☐ Business permanently discontinued OUT-OF-BUSINESS DATE ___/___/___ | DAY WORKERS REFERRALS INC 56 SHREWSBURY ST WORCESTER, MA  01604 | DOR USE ONLY  TOTAL NUMBER OF EMPLOYEES REPORTED (1) one  TOTAL GROSS WAGES REPORTED $ 4500       xx |

This report is due on the last day of the month following the end of the calendar quarter. COMPLETE IN FULL. Retain a copy of this report for your records. List your employees below. If this is not enough space, use Form WR-2. Additional forms can be obtained at any of the DOR offices listed on the last page of this booklet. LIST ONLY 1 EMPLOYEE PER LINE.

| EMPLOYEE SOCIAL SECURITY NUMBER | | | NAME OF EMPLOYEE (PLEASE PRINT OR TYPE) | | | GROSS WAGES PAID THIS QUARTER | |
|---|---|---|---|---|---|---|---|
| 000 | 00 | 0000 | LAST NAME | FIRST NAME | MIDDLE INITIAL | DOLLARS | CENTS |
| 016 | 52 | 6619 | WOODS | HAROLD | | 4500 | 00 |
| ~~418~~ | ~~16~~ | ~~1218~~ | ~~BURGETT~~ | ~~WILLIAM~~ | | | |
| ~~011~~ | ~~40~~ | ~~1203~~ | ~~CONNELLY JR~~ | ~~MARSHALL~~ | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| Total Number of Employees Reported on THIS Page .... One | Total Gross Wages Reported on THIS Page  4500 |
|---|---|

I declare that I have examined this report and to the best of my knowledge and belief, it is true, correct and complete.

Signature: _____  Date: 4-30-91  Title (Owner) _____

Mail to: WAGE REPORTING UNIT, Mass. Department of Revenue, P.O. Box 7029, Boston, MA 02204
DO **NOT** FORWARD **ANY** REMITTANCE WITH THIS REPORT



GOVERNMENT EXHIBIT 15

**WR-1**

MASSACHUSETTS DEPARTMENT OF REVENUE

# EMPLOYER'S QUARTERLY REPORT OF WAGES PAID

Total Number of Pages:

Please Print or Type

01-02-000024892

**NOTE:** IF YOU ARE A MAGNETIC TAPE FILER, DO NOT COMPLETE THIS FORM. INSTEAD, COMPLETE THE TRANSMITTER REPORT IN THIS BOOKLET.

☐ Check box if this is an amended return for a prior quarter.

If this is a FINAL report, check applicable box:
☐ Business sold
☐ Permanently ceased paying wages
☐ Business permanently discontinued

OUT-OF-BUSINESS DATE
____/____/____

FOR CALENDAR QUARTER    APR  1 92 THRU JUN 30 92

DAY WORKERS REFERRALS INC
56 SHREWSBURY ST
WORCESTER, MA  01604

U.S. EMPLOYER IDENTIFICATION NO.
043-098-341 *1 *

DOR USE ONLY

TOTAL NUMBER OF EMPLOYEES REPORTED
*O Ne*

TOTAL GROSS WAGES REPORTED
$  *5200*

This report is due on the last day of the month following the end of the calendar quarter. COMPLETE IN FULL. **Retain a copy of this report for your records.** List your employees below. If this is not enough space, use Form WR-2. Additional forms can be obtained at any of the DOR offices listed on the last page of this booklet. LIST ONLY 1 EMPLOYEE PER LINE.

| EMPLOYEE SOCIAL SECURITY NUMBER | | | LAST NAME | NAME OF EMPLOYEE (PLEASE PRINT OR TYPE) FIRST NAME | MIDDLE INITIAL | GROSS WAGES PAID THIS QUARTER | |
|---|---|---|---|---|---|---|---|
| 000 | 00 | 0000 | | | | DOLLARS | CENTS |
| 016 | 52 | 6619 | WOODS | HAROLD | | 5200 | — |
| ~~418~~ | ~~16~~ | ~~1218~~ | ~~BURGETT~~ | ~~WILLIAM~~ | | | |
| ~~011~~ | ~~48~~ | ~~1203~~ | ~~CONNELLY JR~~ | ~~MARSHALL~~ | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | Total Number of Employees Reported on THIS Page.... *O Ne* | Total Gross Wages Reported on THIS Page | *5200* | — |

I declare that I have examined this report and to the best of my knowledge and belief, it is true, correct and complete.

Signature: _____    Date: 7-31-92    Title (Owner) _____

Mail to: WAGE REPORTING UNIT, Mass. Department of Revenue, P.O. Box 7029, Boston, MA 02204
DO **NOT** FORWARD **ANY** REMITTANCE WITH THIS REPORT



**MASSACHUSETTS DEPARTMENT OF REVENUE**

**WR-1**

**EMPLOYER'S QUARTERLY REPORT OF WAGES PAID**

Total Number of Pages:

Please Print or Type

01-02-000026920

NOTE: IF YOU ARE A MAGNETIC TAPE FILER, DO NOT COMPLETE THIS FORM. INSTEAD, COMPLETE THE TRANSMITTER REPORT IN THIS BOOKLET.

☐ Check box if this is an amended return for a prior quarter.

If this is a FINAL report, check applicable box:

☐ Business sold

☐ Permanently ceased paying wages

☐ Business permanently discontinued

OUT-OF-BUSINESS DATE
___ / ___ / ___

FOR CALENDAR QUARTER   JUL 1 92 THRU SEP 30 92

DAY WORKERS REFERRALS INC
56 SHREWSBURY ST
WORCESTER, MA 01604

U.S. EMPLOYER IDENTIFICATION NO.
043-098-341 *1 *

DOR USE ONLY

TOTAL NUMBER OF EMPLOYEES REPORTED
ONE

TOTAL GROSS WAGES REPORTED
$ 4400 -

This report is due on the last day of the month following the end of the calendar quarter. COMPLETE IN FULL. **Retain a copy of this report for your records.** List your employees below. If this is not enough space, use Form WR-2. Additional forms can be obtained at any of the DOR offices listed on the last page of this booklet. LIST ONLY 1 EMPLOYEE PER LINE.

| EMPLOYEE SOCIAL SECURITY NUMBER | | | LAST NAME | NAME OF EMPLOYEE (PLEASE PRINT OR TYPE) FIRST NAME | MIDDLE INITIAL | GROSS WAGES PAID THIS QUARTER | |
|---|---|---|---|---|---|---|---|
| 000 | 00 | 0000 | | | | DOLLARS | CENTS |
| 016 | 52 | 6619 | WOODS | ANN   HAROLD | | 4400 | - |
| | | | | *Please Correct Name* | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| | Total Number of Employees Reported on THIS Page . . . . . . . . . . . . . . . . | Total Gross Wages Reported on THIS Page | 4400 | - |
|---|---|---|---|---|

I declare that I have examined this report and to the best of my knowledge and belief, it is true, correct and complete.

Signature: _____   Date: _____   Title (Owner): _____

Mail to: WAGE REPORTING UNIT, Mass. Department of Revenue, P.O. Box 7029, Boston, MA 02204
DO **NOT** FORWARD **ANY** REMITTANCE WITH THIS REPORT

 

**WR-1**

MASSACHUSETTS DEPARTMENT OF REVENUE
**EMPLOYER'S QUARTERLY REPORT OF WAGES PAID**

Total Number
of Pages: 1

Please Print or Type

01-02-000024453

NOTE: IF YOU ARE A MAGNETIC TAPE FILER, DO NOT COMPLETE THIS FORM. INSTEAD, COMPLETE THE TRANSMITTER REPORT IN THIS BOOKLET.

☐ Check box if this is an amended return for a prior quarter.

If this is a FINAL report, check applicable box:

☐ Business sold
☐ Permanently ceased paying wages
☐ Business permanently discontinued

OUT-OF-BUSINESS DATE
____ / ____ / ____

FOR CALENDAR QUARTER **OCT 1 92 THRU DEC 31 92**

DAY WORKERS REFERRALS INC
56 SHREWSBURY ST
WORCESTER, MA 01604

US EMPLOYER IDENTIFICATION NO
**043-098-341 *1 ***

DOR USE ONLY

TOTAL NUMBER OF EMPLOYEES REPORTED
**(1) ONE**

TOTAL GROSS WAGES REPORTED
$ **29 900 —**

This report is due on the last day of the month following the end of the calendar quarter. COMPLETE IN FULL. **Retain a copy of this report for your records.** List your employees below. If this is not enough space, use Form WR-2. Additional forms can be obtained at any of the DOR offices listed on the last page of this booklet. LIST ONLY 1 EMPLOYEE PER LINE.

| EMPLOYEE SOCIAL SECURITY NUMBER | | | LAST NAME | NAME OF EMPLOYEE (PLEASE PRINT OR TYPE) FIRST NAME | MIDDLE INITIAL | GROSS WAGES PAID THIS QUARTER | |
|---|---|---|---|---|---|---|---|
| 000 | 00 | 0000 | | | | DOLLARS | CENTS |
| 016 | 52 | 6619 | WOODS | HAROLD | | 29 900 | — |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Total Number of Employees Reported on THIS Page .... **ONE**

Total Gross Wages Reported on THIS Page **29 900**

I declare that I have examined this report and to the best of my knowledge and belief, it is true, correct and complete.

Signature: _____   Date: **8/26/93**   Title (Owner): _____

Mail to: WAGE REPORTING UNIT, Mass. Department of Revenue, P.O. Box 7029, Boston, MA 02204
DO **NOT** FORWARD **ANY** REMITTANCE WITH THIS REPORT

MASSACHUSETTS DEPARTMENT OF REVENUE

# EMPLOYER'S QUARTERLY REPORT OF WAGES PAID

R-1

Use Print or Type

01-02-000061801

| | | Total Number of Pages: 1 |

**NOTE: IF YOU ARE A MAGNETIC TAPE FILER, DO NOT COMPLETE THIS FORM. INSTEAD, COMPLETE THE TRANSMITTER REPORT IN THIS BOOKLET.**

Check box if this an amended return for a prior quarter.

This is a FINAL report, check applicable box:

Business sold

Permanently ceased paying wages

Business permanently discontinued

OUT-OF-BUSINESS DATE

FOR CALENDAR QUARTER   JAN 1 93 THRU MAR 31 93

DAY WORKERS REFERRALS INC
56 SHREWSBURY ST
WORCESTER, MA 01604-4625

U.S. EMPLOYER IDENTIFICATION NO
043-098-341 *1 *

DOR USE ONLY

TOTAL NUMBER OF EMPLOYEES REPORTED
TWO

TOTAL GROSS WAGES REPORTED
$ 5964 15

These reports are due on the last day of the month following the end of the calendar quarter. COMPLETE IN FULL. **Retain a copy of this report for your records.** List your employees below. If this is not enough space, use Form WR-2. Additional forms can be obtained at any of the DOR offices listed on the last page of this booklet.

LIST ONLY ONE EMPLOYEE PER LINE.

| EMPLOYEE SOCIAL SECURITY NUMBER | | | LAST NAME | NAME OF EMPLOYEE (PLEASE PRINT OR TYPE) FIRST NAME | MIDDLE INITIAL | GROSS WAGES PAID THIS QUARTER DOLLARS | CENTS |
|---|---|---|---|---|---|---|---|
| 000 | 00 | 0000 | | | | | |
| 016 | 52 | 6619 | WOODS | HAROLD | | 4350 | - |
| 015 | 50 | 9725 | NICHOLAS | Robert | | 1614 | 15 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Rec'd from Judy D'Q

10/4/85

| | | |
|---|---|---|
| Number of Employees on THIS Page ...... TWO | Total Gross Wages Reported on THIS Page | 5964 | 15 |

...of my knowledge and belief, it is true, correct and complete.   Date 24-9-93   Title Owner

...UNIT, Mass. Department of Revenue, P.O. Box 7029, Boston, MA 02204

...FORWARD ANY REMITTANCE WITH THIS REPORT

**THIS FORM MAY BE REPRODUCED**

**MASSACHUSETTS DEPARTMENT OF REVENUE**

WR-1    EMPLOYER 3 QUARTERLY REPORT OF ..AGES PAID

Total Number of Pages: 1

Please Print or Type    01-02-000062492

NOTE: IF YOU ARE A MAGNETIC TAPE FILER, DO NOT COMPLETE THIS FORM. INSTEAD, COMPLETE THE TRANSMITTER REPORT IN THIS BOOKLET.

| | | |
|---|---|---|
| ☐ Check box if this is an amended return for a prior quarter. | FOR CALENDAR QUARTER  APR  1 93 THRU JUN 30 93 | U.S. EMPLOYER IDENTIFICATION NO. 043-098-341 *1 * |
| this is a FINAL report, check applicable box: ☐ Business sold ☐ Permanently ceased paying wages ☐ Business permanently discontinued OUT-OF-BUSINESS DATE __/__/__ | DAY WORKERS REFERRALS INC 56 SHREWSBURY ST WORCESTER, MA  01604-4625 | DOR USE ONLY TOTAL NUMBER OF EMPLOYEES REPORTED  TWO TOTAL GROSS WAGES REPORTED  $ 6412|63 |

This report is due on the last day of the month following the end of the calendar quarter. COMPLETE IN FULL. Retain a copy of this report for your records. List your employees below. If this is not enough space, use Form WR-2. Additional forms can be obtained at any of the DOR offices listed on the last page of this booklet. LIST ONLY 1 EMPLOYEE PER LINE.

| EMPLOYEE SOCIAL SECURITY NUMBER | | | NAME OF EMPLOYEE (PLEASE PRINT OR TYPE) | | | GROSS WAGES PAID THIS QUARTER | |
|---|---|---|---|---|---|---|---|
| 000 | 00 | 0000 | LAST NAME | FIRST NAME | MIDDLE INITIAL | DOLLARS | CENTS |
| 016 | 52 | 6619 | WOODS | HAROLD | | 5850 | — |
| 015 | 50 | 9725 | NICHOLAS | Robert | | 562 | 63 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | Total Number of Employees Reported on THIS Page ........ TWO | | Total Gross Wages Reported on THIS Page | 6412 | 63 |

I declare that I have examined this report and to the best of my knowledge and belief, it is true, correct and complete.

Signature: _____    Date: 7-29-93  Title (Owner): _____

Mail to: WAGE REPORTING UNIT, Mass. Department of Revenue, P.O. Box 7029, Boston, MA 02204
DO NOT FORWARD ANY REMITTANCE WITH THIS REPORT

**THIS FORM MAY BE REPRODUCED**

**WR-1**    MASSACHUSETTS DEPARTMENT OF REVENUE

# EMPLOYER'S QUARTERLY REPORT OF WAGES PAID

Total Number of Pages:

Please Print or Type    01-02-000060225

NOTE: IF YOU ARE A MAGNETIC TAPE FILER, DO NOT COMPLETE THIS FORM. INSTEAD, COMPLETE THE TRANSMITTER REPORT IN THIS BOOKLET.

☐ Check box if this is an amended return for a prior quarter.

If this is a FINAL report, check applicable box:
☐ Business sold
☐ Permanently ceased paying wages
☐ Business permanently discontinued

OUT-OF-BUSINESS DATE
__/__/__

FOR CALENDAR QUARTER    JUL  1 93 THRU SEP 30 93

DAY WORKERS REFERRALS INC
56 SHREWSBURY ST
WORCESTER, MA  01604-4625

US EMPLOYER IDENTIFICATION NO
043-098-341 *1 *

DOR USE ONLY

TOTAL NUMBER OF EMPLOYEES REPORTED
ONE

TOTAL GROSS WAGES REPORTED
$ 6150

This report is due on the last day of the month following the end of the calendar quarter COMPLETE IN FULL. **Retain a copy of this report for your records.** List your employees below. If this is not enough space, use Form WR-2. Additional forms can be obtained at any of the DOR offices listed on the last page of this booklet. LIST ONLY 1 EMPLOYEE PER LINE.

| EMPLOYEE SOCIAL SECURITY NUMBER | | | NAME OF EMPLOYEE (PLEASE PRINT OR TYPE) | | | GROSS WAGES PAID THIS QUARTER | |
|---|---|---|---|---|---|---|---|
| 000 | 00 | 0000 | LAST NAME | FIRST NAME | MIDDLE INITIAL | DOLLARS | CENTS |
| 016 | 52 | 6619 | WOODS | HAROLD | | 6150 | — |
| 015 | 50 | 9725 | NICHOLAS | ROBERT | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | Total Number of Employees Reported on THIS Page .... ONE | | Total Gross Wages Reported on THIS Page | | |

I declare that I have examined this report and to the best of my knowledge and belief, it is true, correct and complete.

Signature: _____    Date: 11/30/93    Title (Owner): _____

**Mail to: WAGE REPORTING UNIT, Mass. Department of Revenue, P.O. Box 7029, Boston, MA 02204**
**DO NOT FORWARD ANY REMITTANCE WITH THIS REPORT**

## THIS FORM MAY BE REPRODUCED

**WR-1**   MASSACHUSETTS DEPARTMENT OF REVENUE
**EMPLOYER' QUARTERLY REPORT OF V. GES PAID**

Total Number of Pages: 1

Please Print or Type    01-02-000061243

NOTE: IF YOU ARE A MAGNETIC TAPE FILER, DO NOT COMPLETE THIS FORM. INSTEAD, COMPLETE THE TRANSMITTER REPORT IN THIS BOOKLET.

| | |
|---|---|
| ☐ Check box if this is an amended return for a prior quarter. | FOR CALENDAR QUARTER   OCT 1 93 THRU DEC 31 93 |

f this is a FINAL report, check applicable box:
☐ Business sold
☒ Permanently ceased paying wages
☒ Business permanently discontinued

OUT-OF-BUSINESS DATE
_10, 30, 93_

DAY WORKERS REFERRALS INC
56 SHREWSBURY ST
WORCESTER, MA 01604-4625

US EMPLOYER IDENTIFICATION NO
043-098-341 *1 *

DOR USE ONLY

TOTAL NUMBER OF EMPLOYEES REPORTED
_TWO (2)_

TOTAL GROSS WAGES REPORTED
$ _4355  50_

his report is due on the last day of the month following the end of the calendar quarter. COMPLETE IN FULL. **Retain a copy of this report for your records.**
.ist your employees below. If this is not enough space, use Form WR-2. Additional forms can be obtained at any of the DOR offices listed on the last page of this booklet.
.IST ONLY 1 EMPLOYEE PER LINE.

| EMPLOYEE SOCIAL SECURITY NUMBER | | | NAME OF EMPLOYEE (PLEASE PRINT OR TYPE) | | | GROSS WAGES PAID THIS QUARTER | |
|---|---|---|---|---|---|---|---|
| 000 | 00 | 0000 | LAST NAME | FIRST NAME | MIDDLE INITIAL | DOLLARS | CENTS |
| 016 | 52 | 6619 | WOODS | HAROLD | | 2750 | 00 |
| ~~015~~ | ~~50~~ | ~~9725~~ | ~~NICHOLAS~~ | ~~ROBERT~~ | | | |
| 010 | 40 | 7398 | Gill | KATHERINE | | 1605 | 50 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | Total Number of Employees Reported on THIS Page ... _TWO_ ... _1.19.94_ | | | Total Gross Wages Reported on THIS Page | 4355 | 50 |

eclare that I have examined this report and to the best of my knowledge and belief, it is true, correct and complete.
nature: _____   Date: _Jan-19, 94_   Title (Owner): _Clerk_
**Mail to: WAGE REPORTING UNIT, Mass. Department of Revenue, P.O. Box 7029, Boston, MA 02204**
**DO NOT FORWARD ANY REMITTANCE WITH THIS REPORT**

**THIS FORM MAY BE REPRODUCED**